Filed 5/21/14  P. v. Hernandez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN ROLLAND HERNANDEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B248005<br>(Super. Ct. No. 2012024438)<br>(Ventura County) |

John Rolland Hernandez appeals the judgment entered after he pled guilty to transporting methamphetamine (Health & Saf. Code,[1] former § 11379, subd. (a)), and admitted a prior drug conviction (§ 11370.2, subd. (c)).  Following appellant's plea, the trial court found by a preponderance of the evidence that the drugs appellant transported were not for his personal use and accordingly denied his request to be placed on Proposition 36 probation.  (Pen. Code, §§ 1210.1, subd. (a), 11055, subd. (d)(2).)  Imposition of sentence was suspended and appellant was granted 36 months formal probation with terms and conditions including that he serve one year in county jail.

In his opening brief, appellant contended that the finding he did not transport the drugs for personal use was a fact that increased the mandatory minimum

---

[1] All further undesignated statutory references are to the Health and Safety Code.

sentence and thus had to be decided by a jury by proof beyond a reasonable doubt, as contemplated in *Apprendi v. New Jersey* (2000) 530 U.S. 466, and its recent progeny *Alleyne v. United States* (2013) __ U.S. __ [133 S.Ct. 2151].

After the matter was set for oral argument, we granted appellant's request to file a supplemental brief and continue the argument. In his supplemental brief, appellant asserts that his conviction must be reversed in light of a recent amendment to section 11379 that makes transportation for sale, i.e., non-personal use, an element of the charge.[2] The People concede the point.

When appellant was convicted, section 11379 made any transportation of a controlled substance punishable as a felony.[3] If the court found at sentencing that the transportation was for the defendant's personal use, i.e., not for sale, he or she was entitled to drug treatment probation under Proposition 36. (Pen. Code, § 1210.1, subd. (a); see *People v. Dove* (2004) 124 Cal.App.4th 1, 4-7.) If the court made a contrary finding, the defendant was ineligible for Proposition 36 probation. (*Dove,* at pp. 4, 10.) The defendant bore the burden of proving personal use by a preponderance of the evidence. (*Id.* at p. 10.)

Effective January 2014, section 11379 was amended to expressly provide that "'transports' means to transport for sale." (*Id.* at subd. (c).) Accordingly, transportation of drugs for personal use no longer constitutes a violation of section 11379.[4] The practical effect of this amendment is that transportation of drugs for sale as

---

[2] We grant appellant's request for judicial notice of the legislative analysis of the bill that led to the amendment. (Evid. Code, § 452, subd. (c).)

[3] The former statute states in relevant part: "[E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any controlled substance . . . shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of two, three, or four years." (Former § 11379, subd. (a).)

[4] The legislative history of the bill amending section 11379 states that "[a]ccording to the author, 'AB 721 would clarify the Legislature's intent to only apply felony drug transportation charges to individuals involved in drug trafficking or sales. Currently, an ambiguity in state law allows prosecutors to charge drug users - who are not

opposed to personal use is now an element of the offense that must be decided by a jury (or the court if the right to jury is waived) by proof beyond a reasonable doubt. (*U.S. v. Gaudin* (1995) 515 U.S. 506, 510; *People v. Flood* (1998) 18 Cal.4th 470, 481.)

If the amended statute is retroactive, it applies to appellant because his appeal is not yet final. (*People v. Wright* (2006) 40 Cal.4th 81, 90.) The *Estrada* rule (*In re Estrada* (1965) 63 Cal.2d 740) provides that statutes lessening punishment are presumed to apply retroactively unless a savings clause or its equivalent provides for prospective application. (*Id.* at pp. 744-748; *People v. Brown* (2012) 54 Cal.4th 314, 319-320.) The rule has been extended to apply to an amendment that eliminates punishment for conduct it used to prohibit. (*People v. Rossi* (1976) 18 Cal.3d 295, 301; *People v. Collins* (1978) 21 Cal.3d 208, 213 ["[A]n amendment eliminating criminal sanctions is a sufficient declaration of the Legislature's intent to bar all punishment for the conduct so decriminalized"].)

The People concede that the amendment to section 11379 is retroactive in that it eliminates punishment for possession of a controlled substance for personal use. They further concede that the amendment applies to appellant and that he is thus entitled to have a jury determine by proof beyond a reasonable doubt whether the methamphetamine he transported was for sale rather than personal use.

Appellant's guilty plea cannot stand under the amended version of section 11379 because he did not admit that he transported the drugs for sale or waive his right to have a jury make such a finding. As the People acknowledge, appellant is thus entitled to

---

in any way involved in drug trafficking - with TWO crimes for simply being in possession of drugs. While current law makes it a felony for any person to import, distribute or transport drugs, the term "transportation" used in the Health and Safety Code has been widely interpreted to apply to ANY type of movement - even walking down the street - and ANY amount of drugs, even if the evidence shows the drugs are for personal use and there is no evidence that the person is involved in drug trafficking. As a result, prosecutors are using this wide interpretation to prosecute individuals who are in possession of drugs for only personal use, and who are not in any way involved in a drug trafficking enterprise. [¶] 'This bill makes it expressly clear that a person charged with this felony must be in possession of drugs with the intent to sell. Under AB 721, a person in possession of drugs ONLY for personal use would remain eligible for drug possession charges. However, personal use of drugs would no longer be eligible for a SECOND felony charge for transportation.'" (Com. to Sen. Amend. to Assem. Bill No. 721 (2013-2014 Reg. Sess.) June 27, 2013.)

either (1) exercise his right to a jury trial on the charge, or (2) enter a new guilty plea in which he admits that he transported the methamphetamine for sale. The People further acknowledge that "[s]hould appellant cho[o]se to admit the additional element, his sentencing should remain the same as in the original plea."

DISPOSITION

The judgment is conditionally reversed. On remand, appellant is entitled to either admit the "transports for sale" element of the current version of section 11379, or withdraw his plea. If he chooses the former option, his sentence shall remain the same and the judgment shall be reinstated as of that date.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

California Appellate Project, Jonathan B. Steiner, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Stephanie C. Santoro, Deputy Attorney General, for Plaintiff and Respondent.