Filed 12/11/15  P. v. Almaraz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067499 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF33203) |
| JUAN ANTONIO ALMARAZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Reversed and remanded with directions.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

In July 2014, Juan Antonio Almaraz entered a no contest plea to one count of commercial burglary (Pen. Code,[1] § 459). As part of the plea agreement, the People dismissed one count of forgery, one count of commercial burglary and one count of receiving stolen property. The agreement further provided the offense would be a felony and that Almaraz would receive a suspended two-year prison sentence and be released on probation. Almaraz was sentenced in accordance with the agreement.

The court later revoked probation and executed the suspended prison sentence. At the time of sentencing on the probation revocation, the trial court also denied a petition to recall the sentence under Proposition 47 (§ 1170.18; the Safe Neighborhoods and Schools Act of 2014).

The trial court determined that section 459.5 (shoplifting) created by Proposition 47 was not retroactive and denied the petition. Almaraz contends section 459.5 is retroactive and that the court erred by failing to grant the requested relief. The People properly concede that section 459.5 is applicable to this case and ask that we remand the case to the superior court so that the People can press the claim that reduction of the offense to a misdemeanor would violate the plea agreement and deprive the People of the benefit of their agreement. Almaraz argues that retroactive application of the sentence reduction here would be appropriate.

This case raises an important issue that is not yet ripe for decision, i.e., whether a reduction of the sentence under this particular plea agreement would entitle the People to

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

have the plea set aside. We will remand this case to the trial court with directions to consider Almaraz's eligibility under Proposition 47 for reduction of his sentence. We will also direct the court to conduct such further proceedings as may be appropriate and to determine whether, under the facts of this case, the People should be allowed to withdraw the plea agreement and return the case for trial.[2]

## DISCUSSION

### I

### *RETROACTIVITY*

Almaraz contends that Proposition 47 is retroactive and that new section 459.5 (shoplifting) applies to this case. The People agree.

Relying on *People v. Shabazz* (2015) 237 Cal.App.4th 303, 309, the People contend the case should be remanded to the trial court to determine if Almaraz is eligible for relief. We agree and will remand the case to the trial court to determine if Almaraz is eligible to have his commercial burglary conviction reduced to a misdemeanor.

### II

### *THE EFFECT ON THE PLEA BARGAIN*

The disposition of this case resulted from a plea agreement. Under the terms of the agreement the People dismissed various counts and allegations, agreed to a suspended two-year prison term and agreed to probation. The agreement was made prior to the

---

[2] The facts of the underlying offense are not relevant to our analysis of the case at this point. The trial court determined as a matter of law that Proposition 47 was not retroactive.

enactment of section 459.5 and thus the amount of the loss was not relevant. The People contended in the trial court that they were entitled to the benefit of the plea agreement and if this count was to be reduced to a misdemeanor, the plea should be set aside so that they could prove other, now dismissed counts that would not be subject to reduction. The trial court denied Proposition 47 relief and thus did not conduct any hearing on the nature of the plea agreement, nor did it address the merits of the People's position.

On appeal, the parties debate various aspects of postplea agreement law changes. Almaraz, citing *Doe v. Harris* (2013) 57 Cal.4th 64, 66, notes that generally, plea agreements are not exempt from changes in the law. (See also *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1070.)

For their part, the People rely on *People v. Collins* (1978) 21 Cal.3d 208, 214, for the proposition that where the law change is such that it wipes out or severely reduces the benefit bargained for in the agreement, it may be appropriate to set aside the plea. As we have indicated, this is an important issue, however, here the trial court declined to address the issue, and we are left with a record that only deals with the plea bargain in very general terms.

Since this case must be remanded for the trial court to address the applicability of Proposition 47 to this conviction, we will direct the trial court to conduct further, appropriate proceedings, if the People on remand choose to pursue the question of whether the plea agreement should be set aside. We have not attempted to balance the equitable positions of the parties, nor do we express any opinion on the proper disposition of the plea bargain issue, if it is raised again.

4

DISPOSITION

The order denying relief under section 1170.18 is reversed. The case is remanded to the trial court to conduct further proceedings to determine if Almaraz is eligible for recall of his sentence and whether the plea agreement should be set aside if the sentence is recalled.

HUFFMAN, Acting P. J.

WE CONCUR:

McDONALD, J.

O'ROURKE, J.