Filed 10/16/14  P. v. Contreras CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039231 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. Nos. SS121025A, SS122013A) |
| v. | |
| JESUS CONTRERAS, | |
| Defendant and Appellant. | |

Defendant Jesus Contreras pleaded guilty to transportation of a controlled substance and, in a subsequent case, no contest to possession of marijuana in jail. On appeal, he contends that a recent amendment to the transportation statute (Health & Saf. Code, § 11379) mitigated the punishment for this offense and must be applied retroactively to his act of transporting methamphetamine without intent to sell. He further disputes a laboratory analysis fee and other assessments imposed at the sentencing hearing along with a narcotics offender registration requirement. Finally, defendant requests correction of a clerical error in the abstract of judgment. We find defendant's first argument to be well taken and therefore reverse the judgment, rendering moot the remaining issues.

*Background*

On June 25, 2012, defendant was charged in case No. SS121025A with transporting a controlled substance (methamphetamine), in violation of Health and Safety Code section 11379, subdivision (a); resisting, delaying, or obstructing a peace officer

(Pen. Code, § 148, subd. (a)(1)); and two counts of driving with a license suspended for reckless driving, with two prior convictions (count 3, Veh. Code, § 14601.1, subd. (a), and count 4, Veh. Code, § 14601, subd. (a)). Attached to the transportation count was an allegation that defendant had a prior strike conviction for carjacking, for which he had served a prison term. (Pen. Code, § 215, 1170.12, subd. (c)(1); § 667.5, subd. (b).) Defendant pleaded guilty to all of these charges, with an indicated sentence of five years instead of "up to nine," contingent on his not "get[ting] into trouble" before the November 2 sentencing date.

On October 22, 2012, a new charge was filed in case No. SS122013A, this time for possession of marijuana in jail (Pen. Code, § 4573.6, subd. (a)), with an allegation of the same prior strike conviction for carjacking. Sentencing in SS121025A was continued to November 14 and thereafter to November 21, 2012.

On November 14, 2012, defendant entered a negotiated plea of no contest to the new charge in SS122013A and admitted the special allegation, in exchange for a two-year term (one-third the midterm, doubled) consecutive to the sentence in SS121025A, as well as dismissal of a third case. On November 21, 2012, defendant was sentenced in SS121025A to seven years and in SS122013A to two years, for a total prison term of nine years. The court also imposed a $205 laboratory analysis fee under Health and Safety Code section 11372.5, subdivision (a), and other assessments, and it ordered defendant to register as a narcotics offender under Health and Safety Code section 11590. From the December 17, 2012 judgment defendant filed this timely appeal, followed by the issuance of a certificate of probable cause.

### Discussion

The basis of the trial court's grant of defendant's request for a certificate of probable cause was "the retroactive application of the amendment, by Assembly Bill 721, of Health and Safety Code section 11379, the statute under which the defendant was

2

convicted of, and sentenced for, transportation of a controlled substance." That statutory amendment is the primary basis of the present appeal.

At the time of defendant's 2012 conviction, Health and Safety Code section 11379[1] prescribed a prison term of two, three, or four years for "every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport" any controlled substance specified in the statute, including methamphetamine. (See *People v. Emmal* (1998) 68 Cal. App. 4th 1313, 1316-1317 [transportation of methamphetamine is punishable regardless of quantity or distance traveled, and regardless of whether driver was impaired or possessed the substance for sale]; *People v. Lacross* (2001) 91 Cal. App. 4th 182, 187 [illegal transportation may be effected by bicycle].)

Assembly Bill No. 721, passed in 2013, became effective January 1, 2014. (Stats 2013, ch. 504 § 2.) The intent of the legislation was to make transportation of the specified controlled substances illegal only if the person had the intent to sell. Accordingly, subdivision (c) was added to section 11379 to restrict the definition of "transports" to transports *for sale*.

Defendant observes that the amendment contained no "saving clause" allowing application of the old law to past acts such as his, which evidently did not involve any intent to sell. (*In re Estrada* (1965 63 Cal.2d 740, 748 [absent saving clause, an amendment mitigating punishment applies retroactively to nonfinal judgments].) Consequently, he argues, the amendment must be applied retroactively so that he is afforded the benefit of the "mitigate[d] punishment" that would result. Defendant thus

---

[1] All further statutory references are to the Health and Safety Code unless otherwise specified.

seeks reversal of the judgment to enable him to "withdraw from his pleas or seek their modification in light of AB 721."

The People agree with defendant that because AB 721 narrowed the applicability of the offense and contained no saving clause, it applies retroactively to defendant's conviction under former section 11379. They concur in defendant's request that the judgment in SS121025A be reversed and that defendant be offered the opportunity to withdraw his guilty plea "and then choose to either plead to a revised transportation count that includes the new element [of intent] or go to trial as to that count." The parties further acknowledge the alternative of an amended information alleging simple possession of methamphetamine instead of transportation, which would allow defendant to plead guilty or no contest to that charge.

Defendant concedes that the conviction in SS122013A is unaffected by this result, but he maintains that upon remand, the aggregate sentence must be limited to nine years, the total term originally imposed in both cases. The People agree that a more severe sentence would not be authorized, only because the plea agreement in SS122013A contemplated a maximum of nine years. Because defendant will not be permitted to withdraw his plea in that case, he, like the prosecutor, must be allowed to retain the benefit of that bargain through the sentencing limit.

The parties' position is correct on all of these points. We agree that under *Estrada*, the amendment to section 11379 must be retroactively applied to the nonfinal judgment in SS121025A, the transportation conviction, because the amendment mitigated punishment and contained no saving clause. (See also *People v. Collins* (1978) 21 Cal.3d 208, 214 [*Estrada* applies to convictions by plea].) We further agree with the parties that the conviction in SS122013A is unaffected by the disposition of SS121025A except that the negotiated nine-year sentence imposed for the two cases together may not be exceeded upon remand so that defendant retains the benefit of his bargain.

4

Defendant further challenges the $205 "lab fee" imposed under section 11372.5, the associated penalty assessments, and the narcotics offender registration requirement. All of these penal consequences are associated with the transportation conviction in SS121025A, which will no longer exist when the case is remanded. The issues related to this count are therefore moot. (*People v. Killebrew* (2002) 103 Cal.App.4th 644, 661.) We need not resolve hypothetical sentencing questions applicable to a conviction that may never occur in subsequent proceedings on this case. Should defendant again be convicted by plea or trial in SS121025A, we presume the trial court will impose a sentence authorized by the law pertaining to that offense.

*Disposition*

The judgment is reversed. The matter is remanded with directions to the trial court to allow defendant to withdraw his plea to the transportation count in SS121025A.

_____
ELIA, Acting P. J.

WE CONCUR:

_____
BAMATTRE-MANOUKIAN, J.

_____
MIHARA, J.

6