Filed 2/18/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JUSTIN LEE PERRY,<br><br>    Defendant and Respondent. | B263124<br><br>(Los Angeles County<br>Super. Ct. No. BA387242) |

APPEAL from a postconviction release order of the Superior Court of Los Angeles County, William N. Sterling, Judge.  Affirmed.

Jackie Lacey, District Attorney, Steven Katz, Head Deputy District Attorney, and Matthew Brown, Deputy District Attorney, for Plaintiff and Appellant.

Janice Fukai, Alternate Public Defender, and Michael Goodman, Deputy Alternate Public Defender, for Defendant and Respondent.

————————————————

Defendant Justin Lee Perry filed a petition for resentencing pursuant to Penal Code section 1170.18,[1] after serving over three years of his sentence for grand theft from the person of another. His original six-year sentence was the result of a plea agreement, pursuant to which the People dismissed other charges. In connection with the petition for resentencing, the People requested that, if the petition were to be granted, rather than resentence Perry the court should vacate the plea agreement and reinstate the previously dismissed charges. The court granted the petition for resentencing and denied the request to vacate the plea agreement. On appeal, the People contend that the resentencing deprived it of the benefit of its bargain obtained through the plea agreement. We affirm.

## BACKGROUND

The facts underlying this appeal are not in dispute. On August 2, 2011, the People filed a felony complaint charging Perry and codefendant Joshua Gillon with two counts of second degree robbery (§ 211). The complaint also alleged that Perry had a prior conviction for robbery, which was alleged as an enhancement under the "Three Strikes" law, and a five-year enhancement under section 667, subdivision (a)(1).

Perry's preliminary hearing commenced on September 15, 2011. Jacob Grant testified that on July 30, 2011, he was at a restaurant with his cousin, Matthew Ivie. While they were ordering, Gillon approached them and asked where they were from, which Grant understood to mean that Gillon wanted to know their gang affiliation. Gillon told Grant to "bunny ears," or empty his pockets, and Gillon took a $10 bill. Grant and Ivie then left the restaurant, and they were approached by Perry as they crossed the street. Perry told the two men to empty their pockets. Gillon then joined Perry. Perry took a cell phone from Grant and Gillon took a pack of cigarettes.

After Perry's preliminary hearing, the magistrate dismissed one of the second degree robbery counts for insufficient evidence. Perry remained in custody on $175,000 bail. On September 29, 2011, the People filed an information charging Perry with the remaining robbery count and the prior conviction enhancement. On January 2, 2012, the

---

[1] Undesignated statutory references are to the Penal Code.

People amended the information to add a second count, alleging a felony violation of section 487, subdivision (c), grand theft from the person of another.

Perry entered into a plea agreement pursuant to which he pleaded no contest to the grand theft person count and admitted the prior robbery conviction, in exchange for a sentence of six years in prison and the dismissal of the second degree robbery count. The court also found two probation violations, but reinstated and terminated probation in light of the prison sentence.

Perry had credit for 259 days in custody at the time of his sentencing, consisting of 173 days of actual time and 86 days of good time/work time. Based on his sentence and applying those credits for time in custody and good time/work time, Perry's six-year sentence was scheduled to end in approximately March or April 2016, not taking into account any adjustments to his credits while in prison.

On November 4, 2014, voters enacted Proposition 47, the "Safe Neighborhoods and Schools Act." Proposition 47 was intended to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) It also creates a process for a person currently serving a felony sentence for a listed offense to petition for resentencing to a misdemeanor. (§ 1170.18, subd. (a).)

On December 29, 2014, Perry filed a petition to recall his sentence pursuant to section 1170.18. The People opposed the petition, arguing that reducing Perry's conviction to a misdemeanor and reducing his sentence accordingly would violate the

3

terms of the plea agreement and deprive the People of the benefit of its bargain.[2]  The

People concede that Perry is generally eligible for resentencing pursuant to section

1170.18.  The People requested, however, that rather than resentence Perry, the superior

court should instead vacate the plea agreement and reinstate the original charges.  The

People further argue that upon reinstatement of the original charges, neither section

1170.18 nor the plea agreement limit the sentence to which Perry would be exposed.

On February 11, 2015, Judge Sterling granted Perry's petition, concluding that

Perry's grand theft person conviction became a misdemeanor under Proposition 47.

Perry was resentenced accordingly, to 180 days in county jail, and given credit for time

served.  Perry was released from custody, having served approximately three and a half

years of actual time, with credit for over four years when conduct credits are included.

The People's motion to vacate the plea agreement was denied.

The People now appeal.  The sole issue presented is whether the superior court

erred by resentencing Perry pursuant to Proposition 47 and should have instead vacated

the plea bargain and reinstated the original charges.  We affirm.

## DISCUSSION

This court has jurisdiction over this appeal.  (*People v. Rivera*, *supra*,

233 Cal.App.4th at p. 1096.)  The issue presented is one of law, and therefore our review

is de novo.  (*People v. Cromer* (2001) 24 Cal.4th 889, 893–894.)

Proposition 47 created a procedure by which eligible defendants currently serving

felony sentences for certain specified drug possession and theft offenses may petition to

recall their sentences and seek resentencing to reduce those offenses to misdemeanors.

"Under section 1170.18, a person 'currently serving' a felony sentence for an offense that

is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and

request resentencing in accordance with the statutes that were added or amended by

---

[2] The People also argued below that resentencing should be denied because Perry
poses an unreasonable risk of danger but do not challenge the trial court's finding on
appeal.

4

Proposition 47. (§ 1170.18, subd. (a).)" (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)

The plain language of section 1170.18 states that it governs not only convictions by trial, but also those obtained by plea: "A person currently serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ." (§ 1170.18, subd. (a), italics added.) The People acknowledge that section 1170.18 applies to Perry.

Faced with a petition for resentencing, if the petitioner satisfies the statutory criteria, the court "'shall' resentence petitioner to a misdemeanor 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).) There is no other discretionary provision." (*People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1309.) The act is to be "liberally construed to effectuate its purposes." (Voter Information Guide, *supra*, text of Prop. 47, § 18, p. 74.)

In exercising its discretion with respect to such a resentencing petition, the court is permitted to consider: "(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b)(1)–(3).) In granting the petition, the court implicitly concluded that resentencing Perry would not result in such an unreasonable risk of danger.

The People allege that Proposition 47 did not affect Perry's original second degree robbery charge, and that as such the court erred in resentencing Perry rather than vacating the plea agreement and reinstating the original charges.

5

The application of the provisions of Proposition 47 to plea agreements has been addressed in several recent opinions, with conflicting results. In *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, a minor was charged with committing robbery and receiving stolen property, and entered into a plea agreement pursuant to which he admitted the charge of receiving stolen property in exchange for dismissal of the robbery count. After the passage of Proposition 47, he sought to modify the finding that his offense of receiving stolen property was a felony. The Court of Appeal reversed the trial court's denial of T.W.'s petition, stating that "by its plain language section 1170.18 applies to convictions by trial or plea, and thus the trial court erred by engrafting a plea agreement disqualifier into the statute." (*T.W.*, at p. 651.) In addition to the clear language applying resentencing to a defendant convicted by a plea, Proposition 47 "'was intended to reduce penalties for "certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors."'" (*T.W.*, at p. 652.)

In a recent split decision in *Harris v. Superior Court* (2015) 242 Cal.App.4th 244,[3] however, the majority adopted the view that the People argue we should adopt here: The reduction of a felony to a misdemeanor pursuant to section 1170.18 deprives the People of the benefit of a bargained-for term, justifying the withdrawal by the People from the plea agreement. In *Harris*, the defendant was initially charged with a violation of section 211, which included an allegation that he hit the victim in the face. In addition, Harris had six prior felony convictions, including one robbery conviction that constituted a strike for purposes of the Three Strikes law. (*Harris*, at p. 247.) Harris negotiated a plea agreement whereby he pleaded guilty to one count of grand theft person in order to avoid another strike conviction. (*Ibid.*)

The *Harris* majority applied the reasoning set forth in *People v. Collins* (1978) 21 Cal.3d 208, in which our Supreme Court held that under circumstances in which a plea agreement could not be effectuated because of a subsequent change in law, making

---

[3] Harris filed a petition for review in our Supreme Court on December 28, 2015 (S231489).

sentencing the defendant pursuant to the agreement impossible, the People were entitled to vacate the agreement and restore the dismissed counts. (*Collins*, at pp. 214–215.) This was because the change in law "destroy[ed] a fundamental assumption underlying the plea bargain—that defendant would be vulnerable to a term of imprisonment"—thus depriving the People "of the benefit of its bargain." (*Collins*, at pp. 215–216.) In *Harris*, the application of *Collins* resulted in a conclusion that "defendants who committed serious crimes but pled down to a less serious felony may choose to keep the benefit of that bargain by declining to petition for resentencing under section 1170.18, or they may seek a trial on the more serious crime that was alleged against them. What they may not do is claim the benefit of a law that was intended to assist nonserious and nonviolent criminals, when their actual crimes were serious or violent or both. This result is fully in line with the intent of the voters, who intended to withhold relief from serious or violent criminals just as much as they intended to grant relief to nonserious and nonviolent criminals." (*Harris v. Superior Court*, *supra*, 242 Cal.App.4th at pp. 255–256.)

*Collins*, however, involved a fully repealed statute defining a crime, resulting in "total relief from [the defendant's] vulnerability to sentence" that "substantially deprived [the state] of the benefits for which it agreed to enter the bargain." (*Collins*, *supra*, 21 Cal.3d at p. 215.) Moreover, after *Collins*, our Supreme Court decided *Doe v. Harris* (2013) 57 Cal.4th 64, which more recently articulated the effect of changes in law on a plea agreement. In *Doe*, a defendant sued, alleging that a subsequent change in the laws requiring sex offender registration deprived him of the benefit of his plea agreement. The *Doe* court articulated the rule in California, stating that "the general rule in California is that plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. As an adjunct to that rule, and consistent with established law holding that silence regarding a statutory consequence of a conviction does not generally translate into an implied promise the consequence will not attach, prosecutorial and judicial silence on the possibility the Legislature might amend a statutory consequence of a conviction should not ordinarily be interpreted to be an implied promise that the defendant will not be

subject to the amended law." (*Doe v. Harris*, *supra*, 57 Cal.4th at p. 71, fn. omitted.) We agree with the dissent in *Harris v. Superior Court*, *supra*, 242 Cal.App.4th 244, 257–264 (dis. opn. of Mosk, J.), and conclude that the general rule articulated in *Doe* applies to a petition for resentencing pursuant to section 1170.18, for several reasons.

First, the only mechanism provided to a court to withhold the relief provided by Proposition 47 is set forth in section 1170.18 itself, which permits a court to exercise discretion in determining whether a petitioner "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) To the extent that a court concludes that a petitioner is a serious or violent criminal such that the intent of the voters would be thwarted in providing relief because the petitioner would present an unreasonable risk of danger to public safety, the court may exercise its discretion to deny the petition on that ground. No other statutory mechanism was provided for a court to exercise its discretion to deny the requested relief, which "shall" be granted. Proposition 47 does not contain a limitation on its applicability to plea agreements and does not authorize a court to reinstate previously dismissed charges.

Second, the plain language of section 1170.18 applies to plea agreements. The People do not dispute this. The ballot pamphlet summary accompanying the text of the initiative supports Perry's petition, describing the initiative as "*requir[ing]* resentencing for persons serving felony sentences for these offenses unless court finds unreasonable public safety risk" (Voter Information Guide, *supra*, summary of Prop. 47 by Atty. Gen., p. 34, italics added), and describing only "a one-time increase in costs resulting from the resentencing of offenders" (*id.*, analysis of Prop. 47 by Legis. Analyst, p. 37) without reference to costs associated with invalidating plea agreements upon the petition of any defendant whose charges were reduced in connection with their plea. The text of the statute and the ballot pamphlet suggest that the voters did not intend to limit the plain language applying Proposition 47 to convictions by plea. Nothing presented supports an assertion that the result of a petition for resentencing pursuant to Proposition 47 should include the costs associated with reopening all previously dismissed charges for new plea agreements or trials.

8

Finally, the plain language of section 1170.18, subdivision (e) provides that "[u]nder no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." The invalidation of the plea agreement and reinstatement of the previously dismissed charges against Perry, however, would result in a minimum sentence exposure of nine years and a maximum of 15 years. The People argue that because the reinstated charges would not be covered by Proposition 47, the limits of subdivision (e) would not apply to Perry. This suggests that a defendant who clearly falls within the language of Proposition 47 and files a petition pursuant to the statute may be penalized for exercising that right. "[W]hile an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." (*United States v. Goodwin* (1982) 457 U.S. 368, 372 [102 S.Ct. 2485].) Arguing that "[m]ost affected plea agreements will result in resentencing without engaging in any benefit-of-the-bargain analysis," the People suggest that many cases involve only a single charge, such as "a single drug possession charge, a single forgery charge, or alternative burglary and petty theft with priors," to which the People state its proposed *Collins* analysis will not apply. Thus, the People argue, "[s]ince the majority of eligible convictions by plea will be resentenced, the goal behind Proposition 47 of reducing sentences and saving money will be fulfilled." Defendants serving a sentence for a covered conviction, however, would not know whether the People object to their exercise of their right to petition for resentencing until they file a petition and risk the invalidation of their plea agreement.

"When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language." (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571; see *People v. Rizo* (2000) 22 Cal.4th 681, 685–686; *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331.) As the dissent in *Harris*

9

observed: "If applying Proposition 47 to plea agreements can result in vacating the plea and reinstating the original [charges], such application would lead to absurd results and would be contrary to the intent of the voters. . . . If a reduction of a sentence under Proposition 47 results in the reinstatement of the original charges and elimination of the plea agreement, the financial and social benefits of Proposition 47 would not be realized, and the voters' intent and expectations would be frustrated." (*Harris v. Superior Court*, *supra*, 242 Cal.App.4th at p. 263 (dis. opn. of Mosk, J.).)

## DISPOSITION

The postconviction release order is affirmed.

CERTIFIED FOR PUBLICATION.


                                          LUI, J.

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

10