Filed 3/24/16  P. v. Carrillo CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E063301 |
| v. | (Super.Ct.No. RIF1312623) |
| JEFFERY JOHN CARRILLO, | O P I N I O N |
| Defendant and Respondent. | |


APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Michael A. Hestrin, District Attorney, and Emily R. Hanks, Deputy District

Attorney, for Plaintiff and Appellant.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and

Respondent.

1

## I.  INTRODUCTION

Pursuant to a November 2013 plea agreement, defendant and appellant Jeffery John Carrillo pled guilty to a felony charge of receiving stolen property (Pen. Code, § 496, subd. (a)),[1] admitted a prior strike allegation (§ 667, subds. (c), (e)), and agreed to be sentenced to two years eight months in prison (the low term of 16 months, doubled to 32 months based on the prior strike).  In exchange, the People dismissed a second felony charge of identity theft (§ 530.5, subd. (a)) and two prison prior allegations (§ 667.5, subd. (b)).  The trial court accepted the plea and sentenced defendant to two years eight months in prison.

In late November 2014, after the voters approved Proposition 47, "the Safe Neighborhoods and Schools Act" (Proposition 47 or the Act) in the November 4, 2014, election, defendant petitioned the trial court to recall his sentence, reduce his felony conviction for receiving stolen property to a misdemeanor, and resentence him to 364 days in jail with credit for time served.  (§ 1170.18.)  The court granted the petition but denied the People's motion to set aside or void the plea agreement and allow the People to refile the dismissed identity theft charge and the two prison prior allegations.

The People appeal, claiming defendant was ineligible to be resentenced under section 1170.18, because he would be guilty of a felony, identity theft (§ 530.5, subd. (a)), had he committed that crime following the passage of Proposition 47 and also because he *agreed*, pursuant to his plea agreement, to be sentenced to 32 months in

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

prison.  The People also claim the court erroneously refused to void the plea agreement and allow the People to refile the dismissed identity theft charge and prison prior allegations.

We affirm the resentencing order in its entirety.  First, defendant was eligible to be resentenced under Proposition 47 on his receiving stolen property conviction, because that crime would have been a misdemeanor had section 1170.18 been in effect when the crime was committed in 2013.  We reject the People's claim that defendant was ineligible to be resentenced under the Act because he would have been guilty of another felony, identity theft, had he committed *that crime* following the passage of Proposition 47.

Further, defendant was eligible for resentencing under the Act, even though his receiving stolen property conviction and 32-month sentence were negotiated pursuant to a plea agreement.  In entering into the plea agreement, defendant neither expressly nor impliedly promised that he would not take advantage of subsequent changes in the law affecting the plea agreement, including his guilty plea to receiving stolen property.  Thus, the People are not entitled to void the plea agreement and refile the dismissed identity theft charge and prison prior allegations.

3

## II.  BACKGROUND

On November 6, 2013, the People filed a felony complaint charging defendant with committing two felony offenses on or about November 2, 2013:  (1) receiving stolen property, to wit "CALIFORNIA ID, SOCIAL SECURITY CARD" (§ 496, subd. (a)), and (2) identity theft (§ 530.5, subd. (a)).  It was also alleged that defendant had one prior strike (§ 667, subds. (c), (e)) and two prison priors (§ 667.5, subd. (b)).

On November 20, 2013, the date set for the preliminary hearing, defendant and the People entered into a plea agreement before the hearing.  Defendant pled guilty to the receiving stolen property charge, admitted the prior strike allegation, and agreed to be sentenced to 32 months in prison (the low term of 16 months, doubled to 32 months based on the prior strike).  In exchange, the People dismissed the identity theft charge (§ 530.5, subd. (a)) and the two prison prior allegations (§ 667.5, subd. (b)).  The court accepted the plea and sentenced defendant to 32 months in prison.  The factual basis for the plea was defendant's admission in court that, on or about November 3, 2013, he was in receipt of property he knew was stolen.  If defendant had been convicted of both felony charges and all three enhancement allegations, he would have faced a maximum sentence of six years four months in prison.

On November 26, 2014, defendant petitioned the trial court to recall his sentence, reduce his conviction for receiving stolen property to a misdemeanor, and resentence him to 364 days in jail, with credit for time served.  The People opposed the petition, requested a hearing, and filed an opposition brief.

4

In their opposition, the People argued defendant was ineligible to be resentenced under Proposition 47 for two reasons. First, the People argued that defendant would still be guilty of a felony, identity theft (§ 530.5, subd. (a)), had he committed his crimes following the enactment of Proposition 47, and only persons "who would have been guilty of a misdemeanor" (§ 1170.18, subd. (a)), had Proposition 47 been in effect at the time they committed their crimes, were eligible for resentencing under Proposition 47.

Second, the People argued that, by entering into the plea agreement, defendant was contractually bound to serve 32 months in prison, and nothing in Proposition 47 changed the law that a plea agreement was a contract and could not be altered without the People's consent. The People also argued that, if the petition were granted, the People were entitled to void or withdraw from the plea agreement and refile the dismissed felony identity theft charge and the two prison prior allegations.

At a March 6, 2015, hearing, the court granted the petition: It reduced defendant's felony conviction for receiving stolen property to a misdemeanor, resentenced him to 364 days in jail with credit for time served, and ordered him to "report to parole upon release." At the same hearing, the court denied the People's request to void or set aside the plea agreement and allow the People to refile the dismissed felony identity theft charge and the two dismissed prison prior allegations. The People timely appealed.

## III. DISCUSSION

A. *Statutory Background*

On November 4, 2014, the voters of California approved Proposition 47 and the Act became effective the next day. (Cal. Const., art. II, § 10, subd. (a).) The Act made "certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089, 1091 (*Rivera*); see § 1170.18, subds. (a), (b) [listing statutes added or amended by the Act].)

Section 496, which criminalizes receiving stolen property, was among the statutes amended by the Act. Before the Act's statutory amendments and additions went into effect on November 5, 2014, receiving stolen property was a "wobbler" offense, chargeable as a felony or a misdemeanor (*People v. Ceja* (2010) 49 Cal.4th 1, 7) and punishable accordingly, even if the value of the property received was less than $950 (former § 496 [eff. Oct. 1, 2011-Nov. 4, 2014]; see § 17.)

Proposition 47 changed receiving stolen property to a misdemeanor, "punishable only by imprisonment in a county jail not exceeding one year," provided that the value of the property received did not exceed $950 and the defendant did not have a prior conviction for a strike offense listed in section 667, subdivision (e)(2)(C)(iv), or a sex offense requiring registration pursuant to section 290, subdivision (c). (§ 496, subd. (a).)

6

Proposition 47 did not amend section 530.5, which criminalizes identity theft. (See § 1170.18, subds. (a), (b) [listing statutes amended or added by Proposition 47].) A violation of section 530.5 was and remains chargeable as a felony or a misdemeanor and is punishable accordingly. (§§ 530.5, 1170, subd. (h), 17.)

The Act also added a new sentencing provision to the Penal Code, section 1170.18. (*Rivera*, *supra*, 233 Cal.App.4th at p. 1092.) The statute provides that a person who is currently serving a felony sentence for an offense that is a misdemeanor under the Act may petition for a recall of that sentence and request resentencing in accordance with the Act. (§ 1170.18, subds. (a)-(e); *Rivera*, *supra*, at p. 1099.)[2]

The petitioning defendant has the burden of showing that he or she satisfies the criteria for resentencing under section 1170.18, subdivision (a). (§ 1170.18, subd. (b); *People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) If the defendant satisfies the resentencing criteria of section 1170.18, subdivision (a), the defendant's felony sentence "*shall* be recalled and the petitioner resentenced to a misdemeanor. . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b), italics added.) As used in section 1170.18 and throughout the Penal Code, an "unreasonable risk of danger to public safety"

---

[2] Section 1170.18 also provides that a person who has *completed a felony sentence* for an offense that is now a misdemeanor under Proposition 47 may petition the trial court "to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f); see *id*., subds. (g)-(h).)

"means an unreasonable risk that the petitioner will commit a new violent felony" within the meaning of section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (c).)

Section 3 of the Act specifies that it was the "purpose and intent of the people of the State of California" in enacting the Act to: "Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession," "[a]uthorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors," "save significant state corrections dollars on an annual basis . . . [and] increase investments in programs that reduce crime and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment . . . ." (Voter Information Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70, § 3, subds. (3), (4), (6) <http://vig.cdn.sos.ca.gov/2014/general/pdf/complete-vig.pdf> [as of March 24, 2016].) The electorate also directed that Proposition 47 "'shall be liberally construed to effectuate its purposes.'" (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222.)

B.  *Defendant Was Eligible for Resentencing Under the Act*

The full text of section 1170.18, subdivision (a) states: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies *who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence* before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and

Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (Italics added.)

The People claim defendant was ineligible to be resentenced under the Act because he would have been guilty of a felony, identity theft (§ 530.5, subd. (a)), had he committed *that crime* on or after the Act became effective on November 5, 2014. The People argue defendant is not a person "*who would have been guilty of a misdemeanor*" under the Act (§ 1170.18, subd. (a), italics added), had the Act been in effect when defendant committed the charged offenses of identity theft and receiving stolen property in November 2013, because defendant would have been guilty of a felony, identity theft (§ 530.5, subd. (a)), even though he would also have been guilty of a misdemeanor based on the receiving stolen property charge (§ 1170.18, subd. (a)).

The People's argument presents a question of statutory interpretation, which we review de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) "'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction.' [Citation.]" (*Rivera*, *supra*, 233 Cal.App.4th at p. 1099.) "''"The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]"''" (*Ibid.*, quoting *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.) In construing a voter-approved initiative, the voters' intent governs. (*Rivera*, *supra*, at pp. 1099-1100.) To determine the voters' intent, we begin with the statutory language itself. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192-193.) "We look first to the words the voters used, giving them their usual and

9

ordinary meaning. "'If there is no ambiguity in the language of the statute, 'then . . . the plain meaning of the language governs.'" [Citation.]'" (*Rivera*, *supra*, at p. 1100.)

The People's argument is based on a misreading of section 1170.18, subdivision (a). The People take a selected portion of the text of the statute out of context and disregard the statute as a whole. When read as a whole, the statute plainly and unambiguously makes a defendant eligible for resentencing on *a felony conviction* for which the defendant is currently serving a sentence and which would have been "a misdemeanor" under the Act had the crime been committed after the Act went into effect. (§ 1170.18, subd. (a).) Defendant met this requirement. Indeed, the People do not dispute that the value of the property underlying defendant's conviction for receiving stolen property was less than $950, or that defendant's conviction for receiving stolen property would have been a misdemeanor had he committed the crime *after* the Act went into effect. (§§ 496, subd. (a), 1170.18, subd. (a).)

In sum, defendant was eligible to be resentenced on his 2013 felony conviction for receiving stolen property because *that crime* would have been a misdemeanor had section 496, as amended by the Act, been in effect when defendant committed the crime. (§§ 496, subd. (a), 1170.18, subd. (a).) Defendant's concurrent commission of another felony offense, identity theft, did not render him ineligible for resentencing on his eligible conviction for receiving stolen property.

Nothing in section 1170.18 renders an otherwise eligible defendant ineligible for resentencing because he or she was concurrently charged with, but not convicted of,

10

another felony offense which, like identity theft, remains a felony, or at least a "wobbler" following the passage of the Act. (§ 530.5.) The only persons categorically ineligible for resentencing under the Act are those whom the court determines pose "an unreasonable risk of danger to public safety" (§ 1170.18, subd. (b)), and "those with prior convictions for an enumerated handful of serious [or violent] crimes [listed in section 667, subdivision (e)(2)C)(iv)], such as murder, rape, or child molestation. [Citations.]" (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652; § 1170.18, subd. (i).) Defendant had no such disqualifying prior convictions (§ 1170.18, subd. (i)), and the court was not urged to find and did not find that he posed "an unreasonable risk of danger to public safety" if resentenced under the Act (*id*., subd. (b)).

C. *The Parties' Plea Agreement Did Not Render Defendant Ineligible for Resentencing, and the People Are Not Entitled to Void the Plea Agreement*

The People claim defendant was ineligible to be resentenced on his former felony conviction for receiving stolen property, because the conviction was the subject of a plea agreement with the People and the court accepted the plea agreement. The People argue that once the court accepted the plea agreement, it was bound by it and had no authority to modify its terms by resentencing defendant under the Act.

The People also claim the court erroneously refused to allow them to withdraw from or void the plea agreement and refile the dismissed identity theft charge and prison prior allegations after the court granted defendant's resentencing petition. They maintain that allowing defendant to, in effect, unilaterally change the terms of the plea agreement

11

by petitioning for and obtaining resentencing deprived them of the benefit of their bargain in entering into the plea agreement. They also claim that defendant breached the plea agreement by petitioning for and obtaining a reduced sentence, and this too entitles them to withdraw from or void the plea agreement. We reject these claims.

First, defendant was not ineligible for resentencing under the Act on the ground his conviction for receiving stolen property was obtained by way of a plea agreement. To be sure, "'"[a] plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound."'"" (*People v. Segura* (2008) 44 Cal.4th 921, 931 (*Segura*).) And, once the court accepts a plea agreement, it lacks jurisdiction or authority to modify its terms, unless both the defendant and the People agree to the modification. (*Ibid.*)

The "general rule" in California, however, is that a plea agreement is "'""deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ."'"" (*Doe v. Harris* (2013) 57 Cal.4th 64, 73 (*Doe*), quoting *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1070.) Thus, "[i]t follows, also as a general rule, that requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of a plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by

changes in the law." (*Doe*, *supra*, at pp. 73-74; *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888-889, fn. 10 [requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of their plea agreement].)

The Act retroactively changed the statutory consequences of pleading guilty to certain theft- and drug-related felonies, including receiving stolen property, if the charge and conviction would have been a misdemeanor under the Act. (§§ 496, subd. (a), 1170.18.) By its terms, section 1170.18 applies to specified felony convictions, whether obtained "by trial or plea." Thus, a defendant currently serving a sentence on an eligible felony conviction obtained by a plea agreement, like defendant here, is eligible to be resentenced on the conviction pursuant to section 1170.18. (*T.W. v. Superior Court*, *supra*, 236 Cal.App.4th at p. 652.)

Additionally, nothing in the parties' plea agreement provided or implied that defendant's *felony* conviction for receiving stolen property, or his 32-month state prison sentence on the conviction, would be unaffected by subsequent changes in the law. (See *Doe*, *supra*, 57 Cal.4th at pp. 71, 73-74 [parties to a plea agreement may expressly or impliedly agree that the plea agreement will be unaffected by subsequent changes in the law]; *People v. Smith* (2014) 227 Cal.App.4th 717, 728-730 [same]; cf. *People v. Arata* (2007) 151 Cal.App.4th 778, 787-788 [in the context of the defendant's plea agreement as a whole, the plea agreement included an implied promise that the defendant's lewd act conviction would be expunged following his completion of probation, and this promise

13

had to be honored notwithstanding a subsequent change in § 1203.4 that disallowed expungement upon the completion of probation].)

More specifically, nothing in the parties' plea agreement expressly or impliedly precluded the possibility that it would be unaffected by a subsequent change in the law—including a change in the law that, like Proposition 47, retroactively reduced defendant's felony conviction for receiving stolen property to a misdemeanor, or retroactively reduced his 32-month prison sentence to a misdemeanor sentence of 364 days in jail, with credit for time served. Thus here, the People are not entitled to withdraw from or void the plea agreement and refile the dismissed identity theft charge and prison prior allegations simply because defendant petitioned for and obtained a reduction in his eligible felony conviction and sentence under Proposition 47.

The People urge us to disagree with *T.W.*, which held that section 1170.18 "clearly and unambiguously" applies to eligible felony convictions, including convictions obtained pursuant to a plea agreement. (*T.W. v. Superior Court*, *supra*, 236 Cal.App.4th at p. 652.) The People claim *T.W.* was "wrongly decided" because the court "focused exclusively" on the language of section 1170.18, and "did not address, or even acknowledge, the pre-existing, well-established law . . . that prohibits a court from altering the express terms of a plea agreement."[3] We agree with *T.W.* that section

---

[3] The People also point out that the drafters of initiative statutes and the voters who enact them are deemed to be aware of existing law (*Horwich v. Superior Court*, *supra*, 21 Cal.4th at p. 283) and existing law at the time the Act was enacted prohibited a court from altering the material terms of a plea agreement without the consent of the defendant *and* the People (see, e.g., *Segura*, *supra*, 44 Cal.4th at p. 931).

14

1170.18 applies to eligible felony convictions obtained pursuant to a plea agreement, and we are unpersuaded by the People's argument that two California Supreme Court cases, *Segura* and *People v. Collins* (1978) 21 Cal.3d 208 (*Collins*), require a different result. To illustrate, we briefly explain the two cases.

The defendant in *Segura* pled no contest to a felony charge and agreed to serve one year in jail as a condition of being placed on probation. (*Segura*, *supra*, 44 Cal.4th at p. 925.) After he served the one-year jail term, the defendant petitioned the trial court to reduce the term to 360 days, nunc pro tunc, because the one-year jail term qualified the underlying offense as an aggravated felony under federal law and required the defendant's deportation. (*Ibid.*) The trial court denied the petition and the Court of Appeal reversed, but the *Segura* court held that the trial court *was without authority* to reduce the one-year jail term, because it was a *material term* of the plea agreement and, once the court accepted the plea agreement, it had no authority or jurisdiction to modify its terms without the consent of the People. (*Id*. at pp. 925, 931-932.)

In *Collins*, the defendant pled guilty to a single charge of oral copulation, under former section 288a, in exchange for the People's agreement to dismiss 14 other felony charges and several enhancement allegations, including an allegation that the oral copulation was forcible. (*Collins*, *supra*, 21 Cal.3d at p. 211.) Before the defendant was sentenced on the conviction, the Legislature repealed former section 288a and replaced it with a new section 288a which made the defendant's act of oral copulation (between consenting, nonprisoner adults) no longer a crime. (*Collins*, *supra*, at pp. 211-213.) Still,

15

the trial court sentenced the defendant to one to 15 years in prison on the conviction. (*Id.* at p. 212.) Because the defendant's conduct was no longer a crime at the time of sentencing, the court reversed the judgment of conviction. (*Id.* at p. 213.)

*Collins* concluded that the "proper remedy" was to reverse the judgment with directions to dismiss the oral copulation charge but allow the People to refile the dismissed charges. (*Collins*, *supra*, 21 Cal.3d at p. 214.) The People had been "deprived of the benefit" of their plea bargain because the repeal of section 288a meant that the defendant gained "total relief from his vulnerability to sentence." (*Collins*, *supra*, at p. 215.) The court observed that, "[w]hether the defendant formally seeks to withdraw his guilty plea or not is immaterial; it is his escape from vulnerability to sentence that fundamentally alters the character of the bargain." (*Ibid.*) The repeal of former section 288a "destroy[ed] a fundamental assumption underlying the plea bargain—that [the] defendant would be vulnerable to a term of imprisonment." (*Collins*, *supra*, at p. 215.)[4]

In sum, *Segura* underscores the long-standing principle that, once a trial court accepts a plea agreement, it has no authority to modify its terms absent the consent of both parties. (*Segura*, *supra*, 44 Cal.4th at p. 931.) And *Collins* stands for the broad proposition that the People may withdraw from or void a plea agreement, and refile

---

[4] *Collins* also *limited* the defendant's potential sentence on remand to not more than three years in state prison, in order to preserve for the defendant the benefit of *his* bargain in entering into the plea agreement. (*Collins*, *supra*, 21 Cal.3d at p. 216.) The limitation on the sentence was also based on double jeopardy principles, and the need to "preclude vindictiveness" by the People against the defendant and, more broadly, to avoid penalizing the defendant for his successful appeal. (*Ibid.*)

16

dismissed charges and allegations, if a subsequent change in the law deprives the People of their benefit of the plea bargain and affords the defendant "total relief from his vulnerability to sentence." (*Collins*, *supra*, 21 Cal.3d at p. 215.)

This case is different, for two reasons. First, the Act *required* the trial court to reduce defendant's 32-month prison sentence to a one-year jail term, because defendant met his burden of showing he was eligible for resentencing on his receiving stolen property conviction. (§§ 496, subd. (a), 1170.18, subds. (a), (b).) The long-standing principle that a court has no authority to modify a plea agreement absent the consent of both parties (*Segura, supra,* 44 Cal.4th at p. 931) is inapplicable when a change in the law, like the Act, retroactively modifies the consequences of the parties' plea agreement, including the agreed-upon convictions, """"for the public good and in pursuance of public policy"""" (see *Doe*, *supra*, 57 Cal.4th at pp. 69-74).

Second, unlike the defendant in *Collins* who was rendered invulnerable to *any* sentence on his agreed-upon conviction by the subsequent repeal of former section 288a, the Act did not render defendant invulnerable to *any* sentence. Instead, the Act required the trial court to reduce defendant's state prison sentence to a misdemeanor sentence, with credit for time served. (§§ 496, subd. (a), 1170.18, subds. (a), (b).)

The People also rely on *In re Blessing* (1982) 129 Cal.App.3d 1026, in which the defendant initiated a collateral attack directed at altering his sentence. The defendant was sentenced to a total of 16 and one-third years on seven separate counts. (*Id.* at pp. 1028-1029.) On six of the counts, the defendant agreed to eight-month sentence enhancements

17

because he used a firearm in committing the offenses. (*Id.* at p. 1029.) Subsequently, the Supreme Court held that punishment for use of a firearm on consecutive subordinate offenses was not permitted for offenses like the defendant's, and the Court of Appeal concluded it could not give effect to the enhancements. (*Id.* at p. 1030.) Instead of striking the enhancements, however, the court permitted the People to file in the trial court a motion to withdraw from the plea agreement. (*Id.* at pp. 1031-1032.)

*Blessing* is significantly different from this case. Unlike the defendant in *Blessing*, who attacked his plea agreement based on an intervening court decision, defendant here is taking advantage of an initiative measure, passed by the electorate, allowing defendants like himself to petition to reduce their qualified felony convictions and sentences to misdemeanor convictions and sentences. As noted, under our state Supreme Court's ruling in *Doe*, plea agreements are "'"deemed to incorporate and contemplate . . . the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . .'"'" (*Doe*, *supra*, 57 Cal.4th at p. 73.) The change in law that affected the defendant's sentence in *Blessing* resulted from an intervening court decision, not a legislative act or initiative statute passed in pursuance of public policy.[5]

---

[5] Our state Supreme Court has granted review in *Harris v. Superior Court* (2015) 242 Cal.App.4th 244, review granted February 24, 2016, S231489, a two-to-one decision by our colleagues in Division Five of the Second District Court of Appeal. The majority in *Harris* concluded that the People were properly allowed to withdraw from their plea agreement with the defendant, and refile a previously dismissed charge, after the defendant successfully petitioned for resentencing under the Act. We respectfully

*[footnote continued on next page]*

18

## IV.  DISPOSITION

The order granting defendant's petition for resentencing under Proposition 47 and denying the People's motion to void the parties' plea agreement is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

SLOUGH

J.

---

*[footnote continued from previous page]*
disagree with the reasoning of the majority in *Harris*, and agree with the reasoning of the dissenting opinion in *Harris*.

Two recent decisions by this court, namely, *People v. Gonzalez* (2016) 244 Cal.App.4th 1058 and *People v. Brown* (2016) 244 Cal.App.4th 1170 and one recent decision by our colleagues in Division One of the Second District Court of Appeal, namely, *People v. Perry* (2016) 244 Cal.App.4th 1251 are in accord with our analysis, and the dissenting opinion in *Harris*.