Filed 2/24/21  P. v. Washington CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089530 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE020095) |
| v. | |
| RAFPHAEL WASHINGTON, | |
| Defendant and Appellant. | |

Defendant Rafphael Washington pleaded no contest to a number of charges related to drunk driving and admitted he had served a prior prison term.  In a separate case, he pleaded no contest to misdemeanor spousal abuse.  The trial court sentenced defendant to serve an aggregate term of seven years, including a one-year enhancement for the prior prison term.

1

The parties agree the one-year sentence enhancement imposed on defendant pursuant to Penal Code section 667.5, subdivision (b),[1] must be stricken because of recently adopted legislation. Following the California Supreme Court's decision in *People v. Stamps* (2020) 9 Cal.5th 685, we requested supplemental briefing as to the proper remedy.

We conclude that, by virtue of the retroactive change in the law, defendant's one-year enhancement is unauthorized and must be stricken. We reverse the judgment and remand this matter to the trial court with directions to strike the one-year prior prison term enhancement and resentence defendant.

Defendant also raised a number of claims related to sentencing and errors in the abstract of judgment. In light of our conclusion and remand, we do not need to address these claims.

## BACKGROUND[2]

Defendant pleaded no contest to multiple Vehicle Code offenses and accepted the trial court's indicated sentence of seven years. The People objected to the indicated sentence and sought the maximum possible sentence of eight years six months given defendant's history.

Specifically, defendant pleaded no contest to three felonies and two misdemeanors: driving under the influence of alcohol with a prior similar conviction within 10 years (Veh. Code, §§ 23152, subd. (a), 23550.5 – count one); driving with a blood alcohol level of 0.15 percent or more with a prior similar conviction (Veh. Code, §§ 23152, subd. (b), 23578, 23550.5 – count two); driving on a suspended license (Veh. Code, § 14601.2, subd. (a) – count three); driving without ignition interlock device (Veh.

---

[1] Undesignated statutory references are to the Penal Code.

[2] The underlying substantive facts are not relevant to any issue on appeal and are not recounted here.

Code, § 23247, subd. (e) – count four); and failing to stop at the scene of an accident (Veh. Code, § 20002, subd. (a) – count five).

Three prior convictions were alleged: (1) Conviction for vehicular manslaughter with gross negligence in 1987 (§ 192, subd. (c)(3)), a strike; (2) Conviction for robbery in 1979 (§ 211), a serious felony conviction and strike; and (3) driving under the influence resulting in bodily injury in 2011, (Veh. Code, § 23153, subd. (a)), and having served a prison term (§ 667.5, subd. (b).) Defendant admitted having sustained a prior serious felony conviction for robbery (§§ 1192.7, subd. (c), 667, subds. (b)-(i), 1170.12) and having served a prior prison term (§ 667.5, subd. (b)). In a separate case, defendant pleaded no contest to misdemeanor domestic violence (§ 243, subd. (e)(1)).

In accordance with the plea, the trial court sentenced defendant to serve the upper term of three years on count two, doubled for the prior strike, plus one year for the prior prison term enhancement.[3] The trial court also imposed various fines and fees.

Defendant filed a timely notice of appeal. The trial court denied defendant's request for a certificate of probable cause.

## DISCUSSION

### *Senate Bill No. 136*

In supplemental briefing, both parties agree the one-year prior prison term enhancement must be stricken pursuant to the amendment to section 667.5, subdivision

---

[3] As to the other counts and one prior serious felony conviction, the trial court imposed and stayed, pursuant to section 654, the upper term for count one – driving under the influence, and dismissed the prior serious felony conviction for vehicular manslaughter under section 1385. On the misdemeanors, the trial court imposed and stayed, pursuant to section 654, punishment on the conviction for driving on a suspended license and leaving the scene of an accident. The trial court imposed a sentence of 140 days on the conviction for failing to have an ignition interlock device on his vehicle, to be served concurrently with the 140-day sentence for misdemeanor spousal battery.

(b), by Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020).

Signed by the Governor on October 8, 2019, and effective January 1, 2020, Senate Bill No. 136 amends section 667.5, subdivision (b), to eliminate the one-year prior prison term enhancement for most prior convictions. (Sen. Bill No. 136 (2019-2020 Reg. Sess.) § 1.) An exception, not applicable here, is made for a qualifying prior conviction on a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b).

Because Senate Bill No. 136 became effective before defendant's judgment becomes final, we agree with the parties that the amended law will apply to him retroactively. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when statute takes effect].) As a result of the retroactive change in the law, the prior prison term enhancement is no longer authorized and must be stricken.

As to remedy, the parties have different approaches. Defendant contends the remedy in *People v. Collins* (1978) 21 Cal.3d 208 is appropriate: to ensure both parties receive the benefit of the plea agreement they bargained for, the prosecution may reinstate charges if it so chooses and defendant's exposure is limited to the term of the original plea agreement. The People contend the case should be remanded to allow the prosecution to either accept the reduction of the sentence or withdraw from the plea agreement. We conclude neither proposed remedy is correct because this case does not involve a negotiated plea agreement with a stipulated sentence. Rather, in this case, defendant pleaded no contest to all counts and admitted prior convictions and accepted the trial court's indicated sentence. Because the trial court did not impose the maximum sentence, we conclude the matter must be remanded to the trial court to strike the prior prison term enhancement and resentence defendant.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to strike the one-year prior prison term enhancement imposed pursuant to Penal Code section 667.5, subdivision (b), and resentence defendant.

　/s/
HOCH, J.

I concur:

　/s/
BLEASE, Acting P. J.

I concur in the result:

　/s/
MURRAY, J.

5