Filed 12/4/20; Opinion on transfer from Supreme Court

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY ALLAN JOAQUIN,<br><br>　　　Defendant and Appellant. | A152786<br><br>(Mendocino County<br>Super. Ct. No.<br>SCUKCRCR1789461001) |


　　　Jeffrey Allan Joaquin (Appellant) appeals from a judgment sentencing him to 12 years in prison after he pled no contest to attempted murder and admitted allegations that he had personally used a firearm and had previously served a prison term.  (Pen. Code, §§ 187, subd. (a), 664, 667.5, subd. (b), 12022.5, subd. (a).)[1]  He contends the case must be remanded for resentencing because the Legislature subsequently passed Senate Bill No. 620 (Senate Bill 620) (Reg. Sess. 2017-2018), which amended section 12022.5 to give trial courts discretion to strike firearm use enhancements in the interests of justice.  (§ 12022.5, subd. (c), Stats. 2017, ch. 682, § 2.)

　　　We need not address that claim because Appellant's plea agreement has been rendered unenforceable by Senate Bill No. 136 (Senate Bill 136)

---

[1] All undesignated statutory references are to the Penal Code.

(Reg. Sess. 2019-2020), effective January 1, 2020.[2]  Pursuant to that enactment, the prior prison term enhancement is inapplicable to Appellant. We direct the trial court to strike the one-year prior prison term enhancement imposed under section 667.5, subdivision (b), which has the effect of releasing the parties from the agreement.  On remand, the parties may enter into a new plea agreement, but, if they do, the trial court may not impose a longer sentence than that in the original agreement.[3]

BACKGROUND

On March 21, 2017, appellant fired a shotgun at the victim from a distance of about 60 feet.  He was charged by felony complaint with three counts: premeditated attempted murder with an allegation that he personally and intentionally discharged a firearm (§§ 187, subd. (a), 664, 12022.53, subd. (c)), possessing a firearm having been previously convicted of a felony (§ 29800, subd. (a)(1)), and assault with a firearm (§ 245, subd. (a)(2)).  The complaint also included a firearm use allegation and a prior prison term allegation.  (§§ 12022.5, subd. (a), 667.5, subd. (b).)  The prior prison term was based on a conviction for infliction of corporal injury on a spouse or cohabitant (§ 273.5).

---

[2] We requested supplemental briefs from the parties and both agreed that Appellant's plea agreement is unenforceable in light of Senate Bill 136, even though Appellant did not raise that issue on appeal.  (See *In re Harris* (1993) 5 Cal.4th 813, 842 ["An appellate court may 'correct a sentence that is not authorized by law whenever the error comes to the attention of the court.' "].)

[3] This court previously filed a decision in this appeal on June 25, 2019.  On September 11, 2019, the California Supreme Court granted respondent's petition for review, and, on October 14, 2020, the Supreme Court transferred the matter to this court with directions to reconsider the cause in light of the decision in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).  (See Cal. Rules of Court, Rule 8.528(d).)  As explained herein, *Stamps* makes clear that Senate Bill 136, which became effective after the Supreme Court's grant of review, renders Appellant's plea agreement unenforceable.

Appellant entered into a plea agreement that called for him to plead no contest to attempted murder without premeditation and to admit a firearm use allegation under section 12022.5, subdivision (a) and a prior prison term under section 667.5, subdivision (b).  The parties stipulated to a sentence of 12 years: the seven-year middle term for unpremeditated attempted murder, the four-year middle term for the firearm use allegation, and one year for the prior prison term.  The trial court accepted the plea in August 2017 and imposed the 12-year sentence at a September sentencing hearing.  At a subsequent hearing, the court recalculated Appellant's presentence credits to comply with section 2933.1.  This appeal followed.[4]

DISCUSSION

Under the version of the statute in effect when Appellant was sentenced, section 667.5, subdivision (b) required a one-year enhancement for each prior prison term served for "any felony," with an exception not applicable here.  (Stats. 2014, ch. 442, § 10.)  Senate Bill 136 substantially narrowed the enhancement, limiting its application only to a prior prison term served "for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."  (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; see also *People v. Hernandez* (2020) 55 Cal.App.5th 942, 946-947 (*Hernandez*).)[5]  The prior prison term at issue in the present case was imposed for infliction of corporal injury on a spouse or cohabitant (§

_____

[4] By a separate order we denied Appellant's companion petition for writ of habeas corpus.  (*In re Jeffrey Allan Joaquin*, A156067 [nonpub. order].)
[5] Section 667.5, subdivision (b) provides in relevant part, "[W]here the new offense is any felony for which a prison sentence . . . is imposed . . . , in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code . . . ."

273.5), which is not a qualifying offense under the current version of section 667.5, subdivision (b).  Senate Bill 136 applies retroactively to non-final judgments.  (*Hernandez*, at p. 947)

In *People v. Griffin* (Nov. 30, 2020) ___ Cal.App.5th ___ [2020 Cal.App. LEXIS 1138] (*Griffin*), this court applied the reasoning of the *Stamps* decision in the context of Senate Bill 136.  This court first held that the section 667.5, subdivision (b) enhancement imposed under the plea agreement in the case had to be stricken, but that doing so would render the remainder of the agreement unenforceable.  (*Griffin*, at p. __ [2020 Cal.App. LEXIS 1138, 4]; see also *Hernandez*, *supra*, 55 Cal.App.5th at pp. 948–949 [reaching same conclusion].)  Consistent with *Stamps,* we concluded that the legislative history to Senate Bill 136 did not demonstrate the Legislature intended to authorize the trial court to " 'exercise its discretion to strike the enhancement but otherwise maintain the plea bargain.' "  (*Griffin*, at p. ___ [2020 Cal.App. LEXIS 1138, 6], quoting *Stamps*, *supra*, 9 Cal.5th at p. 692; see also *Hernandez*, at p. 947.)

*Stamps* involved an enactment that granted the trial court discretion to strike an enhancement, and *Stamps* concluded the appropriate remedy was to remand to provide the defendant an opportunity to ask the trial court to exercise its newly granted discretion; "[h]owever, if the court is inclined to exercise its discretion, . . . the court is not authorized to unilaterally modify the plea agreement by striking the serious felony enhancement but otherwise keeping the remainder of the bargain."  (*Stamps*, *supra*, 9 Cal.5th at p. 707.)  Instead, "[i]f the court indicates an inclination to exercise its discretion . . . , the prosecution may, of course, agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail.  Barring

such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement . . . .' " (*Ibid.*)

Applying *Stamps* in the context of Senate Bill 136, *Griffin* observed, "[t]here is one significant difference between Senate Bill 1393, at issue in *Stamps*, and Senate Bill 136. Senate Bill 1393 gave trial courts discretion to strike an enhancement, while Senate Bill 136 *categorically* removed authorization to impose the section 667.5, subdivision (b) enhancement in the circumstances of the present case. Thus, while *Stamps'* remand instructions provided that the prosecution could withdraw from the plea agreement *only if* the trial court indicated its intent to exercise its discretion to strike the serious felony enhancement, the plea agreement in the present case is no longer enforceable." (*Griffin*, *supra*, ___ Cal.App.5th ___ [2020 Cal.App. LEXIS 1138, 12].) We agreed with the following statement in *People v. Barton* (2020) 52 Cal.App.5th 1145, regarding an analogous enactment: "[T]he parties' plea agreement is unenforceable and the trial court cannot approve of the agreement in its current form. [Citation.] Whether by withdrawal of its prior approval or the granting of a withdrawal/rescission request by one or both of the parties, the trial court ' " 'must restore the parties to the status quo ante.' " ' [Citations.] The parties may then enter into a new plea agreement, which will be subject to the trial court's approval, or they may proceed to trial on the reinstated charges." (*Id.* at p. 1159.)

The final issue this court addressed in *Griffin* was whether "on remand the trial court may impose a longer sentence than that provided in the original plea agreement, if the parties enter into a new agreement." (*Griffin*, *supra*, ___ Cal.App.5th ___ [2020 Cal.App. LEXIS 1138, 13].) We concluded it would be contrary to the Legislature's intent for the trial court to do so because "[t]he purpose of [Senate Bill 136] was to *decrease* the length of

5

sentences imposed on repeat felons by substantially narrowing the scope of application of the prior prison term enhancement." (*Griffin*, at p. __ [2020 Cal.App. LEXIS 1138, 14-15].) Further, the California Supreme Court's decision in *People v. Collins* (1978) 21 Cal.3d 208 (*Collins*) supported "a conclusion that the trial court may not on remand approve a new plea agreement imposing a longer sentence than that in the original plea agreement." (*Griffin*, at p. __ [2020 Cal.App. LEXIS 1138, 14].) To do otherwise would deny the defendant "the benefit of his bargain" where it was "external events . . . that have rendered the judgment insupportable." (*Collins*, at p. 216.)

Applying the reasoning of *Collins* to a Senate Bill 136 remand, we observed in *Griffin*, "Rejection of Appellant's request to leave the remainder of the plea bargain intact ensures he will not receive a 'bounty in excess of that to which he is entitled.' [Citation.] But it would be contrary to legislative intent and deprive Griffin of the benefit of his bargain were the trial court on remand to impose a longer sentence following Griffin's entry of a guilty plea pursuant to a new agreement." (*Griffin*, *supra*, ___ Cal.App.5th ___ [2020 Cal.App. LEXIS 1138, 16-17].)

Unlike the defendant in *Griffin*, Appellant was also sentenced for a firearm enhancement. At the time of sentencing, firearm enhancements under section 12022.5, subdivision (a) were mandatory and could not be stricken in the interests of justice. (§ 12022.5, former subd. (c), as amended by Stats. 2011, ch. 39. § 60.) On October 11, 2017, the Governor signed Senate Bill 620. Effective January 1, 2018, the bill amended section 12022.5, subdivision (c), to state in part, "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.5,

6

subd. (c); Stats. 2017, ch. 682, § 2.) Appellant argued on appeal that this court should remand with directions that the trial court exercise the discretion granted by the enactment. Given that the plea agreement is now unenforceable, that request is moot. Nevertheless, because " ' "the court must restore the parties to the status quo ante" ' " (*Stamps*, *supra*, 9 Cal.5th at p. 707), Appellant on remand may accept or reject a plea agreement including a firearm use enhancement under section 12022.5, subdivision (a). If he rejects such an agreement, he retains the opportunity to ask the trial court to exercise its discretion to strike the enhancement, should Appellant subsequently enter into an open plea or be subject to sentencing following a conviction at trial.

Following *Griffin,* we reverse the judgment and direct the trial court to strike the section 667.5, subdivision (b) enhancement and to give the parties an opportunity to negotiate a new plea agreement consistent with our ruling. (*Griffin, supra*, ___ Cal.App.5th ___ [2020 Cal.App. LEXIS 1138, 18-19].)

## DISPOSITION

The judgment is reversed and remanded for further proceedings consistent with this opinion.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BURNS, J.

(A152786)

8

Superior Court of Mendocino County, No. SCUKCRCR1789461001, Hon. Keith Faulder, Judge.

Marylou Hillberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Laurence K. Sullivan and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.