Filed 5/18/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CARL LEE HOULE, JR.,<br><br>     Defendant and Appellant. | A159055<br><br><br>(Sonoma County<br>Super. Ct. No. SCR724212-1) |

Defendant was sentenced to a stipulated six-year prison term after entering into a plea deal to resolve three cases including this one, wherein he pleaded no contest to one count of unlawfully possessing a concealed dirk or dagger pursuant to Penal Code section 21310;[1] admitted having a prior strike within the meaning of section 667, subdivisions (d) and (e) and section 1170.12, subdivisions (b) and (c); and serving two prior prison terms within the meaning of section 667.5, subdivision (b). At the time of defendant's sentencing, section 667.5, subdivision (b) required a one-year enhancement for each prior prison term served for "any felony," with an exception not applicable here. (Stats. 2018, ch. 423, § 65.)

After the judgment was entered, Senate Bill No. 136 (2019–2020 Reg. Sess.) (SB 136) amended section 667.5, subdivision (b), effective January 1, 2020, to narrow the category of cases in which the prior prison term

---

[1] Unless otherwise stated herein, all statutory citations are to the Penal Code.

1

enhancement applies to those based on sexually violent offenses.[2] Defendant appeals, arguing this amendatory statute applies retroactively and requires the court to strike the two one-year enhancements he received based on his admission of two prior prison terms while leaving the rest of his stipulated sentence intact.[3]

The People agree the amended version of section 667.5, subdivision (b) applies in this case but contend the proper remedy is to strike the enhancements and remand to the trial court to exercise its discretion "to achieve a new sentence as near as possible to the six-year stipulated term."

We hold that remand is appropriate in order for the trial court to strike the section 667.5, subdivision (b) enhancements. We further hold that SB 136 has rendered the parties' plea bargain unenforceable, such that on remand the trial court must restore the parties to the status quo *ante*. (*People v. Stamps* (2020) 9 Cal.5th 685, 706–707 (*Stamps*).) The parties may enter into a new plea agreement, but, if they do, the trial court may not impose a longer sentence than defendant's original six-year term. (*People v. Collins* (1978) 21 Cal.3d 208, 216–217 (*Collins*).)

---

[2] As amended, Penal Code section 667.5, subdivision (b) provides, in relevant part, "[W]here the new offense is any felony for which a prison sentence . . . is imposed . . . , in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code . . . ."

[3] As explained *post*, defendant requested in his opening brief that we strike his enhancements and leave the rest of his sentence intact. In his reply brief, defendant asked that we remand the matter to the trial court to strike the enhancements, permit the parties to negotiate a new plea bargain with a sentence capped at six years, and permit the court to accept or reject the new plea bargain. However, in a letter to the court on January 13, 2021, defendant returned to his original position.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2019, an information was filed charging defendant with one count of unlawfully carrying a concealed dirk or dagger (§ 21310).  The information also alleged defendant had a prior strike conviction (§§ 667, subds. (d), (e), 1170.12, subds. (b), (c)) and served two prior prison terms (§ 667.5, subd. (b)).

On July 23, 2019, defendant pleaded no contest to the charged offense and admitted the prior strike and prior prison term allegations.  In exchange, defendant received a stipulated six-year prison term in this case, the reduction of a felony to a misdemeanor charge for intimidation of a witness in a second case (§ 136.1), and the dismissal of a third case involving an unspecified charge(s).  Accordingly, on September 26, 2019, the trial court imposed the stipulated six-year sentence, consisting of a four-year term for unlawfully carrying a concealed dirk or dagger and two one-year enhancements for the two prior prison terms.

As mentioned, effective January 1, 2020, section 667.5, subdivision (b) was amended to eliminate the enhancement for all prior prison terms except those based on sexually violent offenses.  Based on this amendment, defendant filed a timely notice of appeal on November 25, 2019, requesting and receiving a certificate of probable cause.

## DISCUSSION

The parties agree that newly amended section 667.5, subdivision (b), which is remedial in nature in that it eliminates punishment for a broad category of individuals, should apply retroactively to all eligible persons with nonfinal judgments, including defendant.  We also agree.  (See *People v. Matthews* (2020) 47 Cal.App.5th 857, 865 [SB 136 applies retroactively to the enhancement component of a defendant's stipulated sentence under a plea

3

bargain, following *In re Estrada* (1965) 63 Cal.2d 740].) It is well established that an amendatory statute like section 667.5, subdivision (b) that eliminates or lessens punishment is presumed to apply in all cases not yet reduced to final judgment as of the statute's effective date, unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." (*People v. Nasalga* (1996) 12 Cal.4th 784, 793; see *In re Estrada*, at p. 747.) Nothing in the text of amended section 667.5, subdivision (b) suggests a contrary legislative intent. Accordingly, because the trial court enhanced defendant's stipulated sentence under section 667.5, subdivision (b) based on prior offenses that were not sexually violent, the amendment applies retroactively to him.

The parties disagree, however, on the appropriate remedy. Defendant, in his opening brief, asked this court to strike his two one-year enhancements and leave the remainder of his plea bargain intact—actions not requiring remand to the trial court. In his reply brief, defendant took a new position, asking this court to remand to the trial court with instructions to strike the enhancements and to permit (1) defendant to agree to the original six-year term, (2) the trial court to reject the plea bargain, and (3) the prosecutor to agree to a new term or to withdraw from the plea bargain and reinstate all charges in all three of his cases while limiting his exposure in the three cases to no more than six years. Then, in a letter to the court dated January 13, 2021, defendant returned to his initial position, asking this court to strike the enhancements while leaving the rest of his stipulated sentence intact, citing a new First District case (*People v. France* (2020) 58 Cal.App.5th 714, review granted Feb. 24, 2021, S266771).

4

The People, in turn, contend the proper remedy is to remand the matter to the trial court to strike the two one-year enhancements and to exercise its sentencing discretion "to achieve a sentence as near as possible to the six-year stipulated term," citing *People v. Navarro* (2007) 40 Cal.4th 668, 681. The People reason that defendant "already received the benefit of the bargain—namely, avoiding trial, the reduction of the felony intimidation of a witness charge to a misdemeanor in another case, and the outright dismissal of a third case"—and "nothing in amended section 667.5, subdivision (b) suggests it was intended to permit defendants to avoid stipulated sentences that could otherwise be reached by resentencing."

During the briefing of this appeal, the California Supreme Court issued a new decision (*Stamps, supra*, 9 Cal.5th 685) that, we conclude, forecloses defendant's initial argument that the enhancements should be stricken but the remainder of the plea bargain left intact. In *Stamps*, the defendant received a stipulated nine-year sentence under a plea bargain that included a five-year prior serious felony conviction enhancement. (*Id.* at pp. 692–693.) Before the judgment was final, Senate Bill No. 1393 (2017–2018 Reg. Sess.) (SB 1393) was enacted, affording the trial court new discretion to strike a serious felony enhancement in furtherance of justice. (*Stamps*, at pp. 692–693, 700.) The court held that the matter should be remanded to permit the defendant to ask the trial court to exercise its newly granted discretion to strike the enhancement, but made clear the trial court did not have discretion on remand to strike the enhancement but to otherwise maintain the plea bargain: "If defendant stood convicted of a crime with an enhancing prior as a result of trial or an open plea of guilty as charged, his case could be remanded for the court to reconsider its sentence in light of its newly conferred authority to strike the enhancement. This case is procedurally

5

different because both parties entered a plea agreement for a specific prison term." (*Stamps*, 9 Cal.5th at p. 700.) "Section 1192.5 allows a plea to 'specify the punishment' and 'the exercise by the court thereafter of other powers legally available to it,' and '[w]here the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and *the court may not proceed as to the plea other than as specified in the plea*.' (Italics added.)" (*Stamps*, at p. 700.) Thus, "to justify a remand for the court to consider striking his serious felony enhancement while maintaining the remainder of his bargain, defendant must establish not only that Senate Bill 1393 applies retroactively, but that, in enacting that provision, the Legislature intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it under section 1385." (*Id*. at p. 701.)

The *Stamps* court then reviewed the legislative history of SB 1393 and concluded that, while the Legislature gave the court the same discretion to strike a serious felony enhancement that it retains to strike any other sentence enhancing provision when enacting that bill, the Legislature did not change the well-settled law that "a court lacks discretion to modify a plea agreement unless the parties agree to the modification." (*Stamps, supra*, 9 Cal.5th at p. 702.) Accordingly, the *Stamps* court held that if on remand "the court indicates an inclination to exercise its discretion . . . , the prosecution may . . . agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement . . . .' " (*Id*. at p. 707.)

Several appellate courts, including those in the First District, have applied the holding of *Stamps* to cases such as ours addressing the scope of the trial court's authority on remand when striking an enhancement under newly amended section 667.5, subdivision (b). Following the analysis of *Stamps*, these courts considered the legislative history of SB 136 and concluded that it evidences no legislative intent to empower a court to unilaterally modify a plea bargain upon striking a section 667.5, subdivision (b) enhancement. (E.g., *People v. Griffin* (2020) 57 Cal.App.5th 1088, 1097, review granted Feb. 17, 2021, S266521 (*Griffin*); *People v. Hernandez* (2020) 55 Cal.App.5th 942, 958 (*Hernandez*) ["Senate Bill 136 is silent regarding pleas and provides no express mechanism for relief, and thus refutes any suggestion the Legislation intended to create special rules for the court to unilaterally modify the plea agreement once the enhancements are stricken"], review granted, Jan. 27, 2021, S265739; *People v. Joaquin* (2020) 58 Cal.App.5th 173, 179, review granted Feb. 24, 2021, S266594 (*Joaquin*); but see *People v. France, supra*, 58 Cal.App.5th at p. 729, rev.gr. [the majority distinguished *Stamps* because "unlike Senate Bill 1393, there is nothing in Senate Bill 136's text or legislative history that runs contrary to the view that Senate Bill 136 requires a court to strike the one-year enhancements while leaving the remainder of the plea bargain intact"].)[4]

---

[4] Similar to this court, Presiding Justice Pollak concurred with the majority's opinion that SB 136 applied retroactively to the defendant because his judgment was not yet final but dissented as to the majority's treatment of *Stamps*, concluding "[SB] 136 does not empower a court to unilaterally alter the plea bargain struck between the prosecution and the defendant for imposition of a four-year sentence by reducing the sentence to three years without the People's consent." (*People v. France, supra*, 58 Cal.App.5th at p. 731 (conc. & dis. opn. of Pollak, P. J.), rev.gr.)

In *Griffin*, our First District colleagues went a step beyond the *Stamps* analysis in order to address the disputed issue of whether the defendant could receive a longer sentence on remand than he received under the original plea agreement.  Our colleagues concluded the defendant could not receive a longer sentence, reasoning that "such a result plainly would be inconsistent with the legislative intent underlying Senate Bill 136," the purpose of which "was to *decrease* the length of sentences imposed on repeat felons by substantially narrowing the scope of application of the prior prison term enhancement."  (*Griffin, supra*, 57 Cal.App.5th at p. 1097, rev.gr.)  In so reasoning, the *Griffin* court relied on an earlier California Supreme Court case (*Collins, supra*, 21 Cal.3d 208).  (*Griffin, supra*, 57 Cal.App.5th at pp. 1097–1098, rev.gr.)

*Collins* concerned a defendant who pleaded guilty to a sex crime, oral copulation, that was decriminalized as to "consenting, nonprisoner adults" prior to his sentencing.  In exchange for his plea, numerous other charges against the defendant were dismissed.  (*Collins, supra*, 21 Cal.3d at p. 211.)  In holding that the defendant's sentence as to the former sex crime was no longer authorized and had to be stricken, the California Supreme Court recognized that if the rest of the parties' plea bargain remained intact, the prosecution would lose the benefit of its bargain.  To avoid this result, the court held that on remand the prosecution could "revive one or more of the dismissed counts . . . ."  (*Id.* at pp. 215, 216.)  However, if the prosecution chose to revive one or more counts, the court further held that the trial court could not impose a greater sentence on the defendant than he received under the original plea bargain lest the defendant lose the benefit of his bargain. (*Id.* at pp. 216–217.)  The court explained:  "This is not a case in which the defendant has repudiated the bargain by attacking his guilty plea; he attacks

8

only the judgment, and does so on the basis of external events—the repeal and reenactment of section 288a—that have rendered the judgment insupportable." (*Collins*, at p. 216, fn. omitted.)  As such, the defendant "should not be penalized for properly invoking [precedent] to overturn his erroneous conviction and sentence by being rendered vulnerable to punishment more severe than under his plea bargain." (*Id.* at p. 217.)

The *Griffin* court followed *Collins* in fashioning a remedy based on the change of law under SB 136.  (*Griffin, supra*, 57 Cal.App.5th at p. 1098, rev.gr.)  Our colleagues reasoned:  "Appellant, like the defendant in *Collins*, did not repudiate his plea; 'he attacks only the judgment, and does so on the basis of external events . . . that have rendered the judgment insupportable.' (*Collins, supra*, 21 Cal.3d at p. 216.)  Rejection of Appellant's request to leave the remainder of the plea bargain intact ensures he will not receive a 'bounty in excess of that to which he is entitled.' (*Id.* at p. 215.)  But it would be contrary to legislative intent and deprive Appellant of the benefit of his bargain were the trial court on remand to impose a longer sentence following Appellant's entry of a guilty plea pursuant to a new agreement.  ' "The process of plea bargaining . . . contemplates an agreement negotiated by the People and the defendant and approved by the court." ' (*Stamps, supra*, 9 Cal.5th at p. 705.)  ' "In exercising their discretion to approve or reject proposed plea bargains, trial courts are charged with the protection and promotion of the public's interest in vigorous prosecution of the accused, imposition of appropriate punishment, and protection of victims of crimes. [Citation.]  For that reason, a trial court's approval of a proposed plea bargain must represent an informed decision in furtherance of the interests of society . . . ." ' (*Id.* at p. 706.)  We conclude that imposing a longer sentence would constitute an abuse of discretion." (*Griffin, supra*, 57 Cal.App.5th at

9

pp. 1098–1099, rev.gr.; accord, *Joaquin, supra*, 58 Cal.App.5th at p. 179, rev.gr. [following *Griffin*].)

As *Griffin* notes, in *Hernandez, supra*, 55 Cal.App.5th 942, our Fifth District colleagues declined to follow *Collins* to the extent it permitted the prosecution to refile the previously dismissed charges as long as the defendant was not resentenced to a greater term than he or she originally received. *Hernandez* reasoned that "*Stamps* did not extend *Collins* to permit such a resolution, and instead held the People could completely withdraw from the plea agreement if the prior serious felony enhancement was dismissed." (*Hernandez, supra*, at p. 959, rev.gr.) *Griffin* correctly pointed out, however, that (1) *Stamps* never addressed whether the trial court could impose a longer sentence on remand, much less overrule the language in *Collins* capping the sentence that could be imposed (*Stamps, supra*, 9 Cal.5th at pp. 703–704); and (2) unlike the legislative enactment at issue in *Stamps* (SB 1393), here and in *Collins* the relevant changes in law were "external events" that rendered the defendants' plea agreements unenforceable by operation of law without regard to whether the defendants sought relief from the trial court. (*Griffin, supra*, 57 Cal.App.5th at p. 1099, rev.gr.) We agree with *Griffin* that after *Stamps*, the holding in *Collins* capping the length of the sentence based on the sentence imposed under the original plea bargain remains binding precedent that applies in this case. (See *Griffin, supra*, 57 Cal.App.5th at pp. 1105–1106 (conc. opn. of Reardon, J.), rev.gr.)

Accordingly, for the reasons stated we herein adopt the approach of our *Griffin* colleagues.[5] Neither party has successfully distinguished *Collins* on

---

[5] We respectfully disagree with the majority's reading and application of *Stamps* in both *People v. France, supra*, 58 Cal.App.5th at pages 727–730, rev.gr., and *People v. Andahl* (2021) 62 Cal.App.5th 203, 214–215.

10

factual grounds, which, as stated, remains binding authority.  Moreover, at oral argument, the People conceded that holding the trial court to a six-year cap on defendant's sentence would cause the prosecution no undue prejudice. We therefore reverse the judgment and direct the trial court to strike the section 667.5, subdivision (b) enhancements and to give the parties an opportunity to negotiate a new plea agreement consistent with this decision.

## DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

11

_____
Jackson, J.


WE CONCUR:



_____
Fujisaki, Acting P. J.



_____
Wiseman, J.*



A159055/*People v. Carl Lee Houle, Jr.*



_____
     * Retired Associate Justice of the Court of Appeal, Fifth Appellate
District, assigned by the Chief Justice pursuant to article VI, section 6 of the
California Constitution.


12

A159055/People v. Carl Lee Houle, Jr.

Trial Court:       Superior Court of the County of Sonoma

Trial Judge:       Peter Ottenweller, J.

Counsel:       Maria T. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Jeffrey M. Laurence, Assistant Attorneys General, Roni Dina Pomerantz and Victoria Ratnikova, Deputy Attorneys General, for Plaintiff and Respondent.