Filed 6/15/21  P. v. Mendez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARCO ANTONIO MENDEZ,<br><br>Defendant and Appellant. | F079853<br><br>(Super. Ct. No. F17901716)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Catherine Chatman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P.J., Peña, J. and Meehan, J.

**INTRODUCTION**

On March 11, 2017, officers with the Fresno Police Department searched defendant Marco Antonio Mendez's vehicle and arrested him after locating a loaded firearm and a box of ammunition.[1]  Defendant was subsequently charged by information filed August 27, 2018, with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 1),[2] carrying a loaded firearm in public (§ 25850, subd. (a); count 2), carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(1); count 3), and possession of ammunition by a felon (§ 30305, subd. (a)(1); count 4).  The information also alleged two prior prison term enhancements pursuant to section 667.5, former subdivision (b).

On July 22, 2019, defendant pleaded no contest to count 1 and admitted one prior prison term allegation in exchange for dismissal of the remaining counts and the second prior prison term allegation, and a stipulated prison term of three years.  On August 19, 2019, the trial court sentenced defendant to the middle term of two years on count 1 plus an additional one year for the prior prison term enhancement, in accordance with the terms of the plea bargain.  The court also imposed a restitution fine of $300 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $300 under section 1202.45, subdivision (a), suspended; a court operations assessment of $40 under section 1465.8; and a court facilities assessment of $30 under Government Code section 70373.

Defendant advances one claim on appeal.  He requests that we vacate the one-year prior prison term enhancement under Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), which became effective January 1, 2020.

---

[1]     The facts underlying defendant's crimes are not relevant to the issues raised on appeal, and, therefore, we do not summarize them further.

[2]     All further statutory references are to the Penal Code unless otherwise stated.

The People agree that in light of Senate Bill No. 136, the prior prison term enhancement must be stricken. However, pursuant to *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) and this court's decision in *People v. Hernandez* (2020) 55 Cal.App.5th 942 (*Hernandez*), review granted January 27, 2021, S265739, they request remand to allow the trial court to withdraw its approval and the prosecutor to withdraw from the negotiated plea agreement.

We agree with the People that defendant is entitled to relief under Senate Bill No. 136, but because the one-year prior prison term enhancement was an integral part of his plea agreement, he is not entitled to have the one-year term stricken while keeping the remainder of the plea agreement intact. Therefore, we vacate defendant's sentence and remand the matter to the trial court with instructions to strike defendant's admission to the one-year prior prison term enhancement allegation and the one-year term imposed, and to conduct further proceedings consistent with *Stamps* and *Hernandez*, discussed below.

## DISCUSSION

### I.        Senate Bill No. 136

Pursuant to section 667.5, subdivision (a), and subject to an exception not relevant here, trial courts are required to impose a three-year sentence for each prior, separate prison term served by the defendant for a violent felony where the current offense is also a violent felony, as defined in subdivision (c) of the statute. For other felonies, pursuant to former subdivision (b) of section 667.5 and subject to exceptions not relevant here, trial courts are required to impose an additional one-year term for each prior, separate prison term or county jail felony term. As amended by Senate Bill No. 136, subdivision (b) of section 667.5 limits imposition of the additional one-year term to each prior, separate prison term served for a conviction of a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).

In accordance with the California Supreme Court's decision in *In re Estrada* (1965) 63 Cal.2d 740, 744, "'"[a]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date" [citation], unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent" [citations].'" (*People v. Lara* (2019) 6 Cal.5th 1128, 1134, quoting *People v. DeHoyos* (2018) 4 Cal.5th 594, 600; accord, *People v. Frahs* (2020) 9 Cal.5th 618, 624.) We agree with the parties that Senate Bill No. 136 is retroactive under the *Estrada* rule and that the amendment to section 667.5, subdivision (b), applies to this case.

We also agree with the parties that defendant's prior conviction for assault by means of force likely to produce great bodily injury, in violation of section 245, subdivision (a)(4), is not a qualifying offense under section 667.5, subdivision (b), as amended. Therefore, the one-year prior prison term enhancement imposed as part of defendant's plea agreement must be stricken. However, defendant was sentenced in accordance with a negotiated plea agreement and the one-year prior prison term enhancement comprised one-third of his total three-year sentence. As such, we must consider the appropriate remedy.

## II.     Remedy

In *Stamps*, the California Supreme Court addressed, in the context of plea agreements, Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill No. 1393), which amended sections 1385 and 667 to allow trial courts the discretion to strike or dismiss a serious felony enhancement, or strike the additional punishment, "in the furtherance of justice" (§ 1385, subd. (b)(1); see *Stamps*, *supra*, 9 Cal.5th at p. 692). *Stamps* concluded, "Senate Bill 1393 was intended to bring a court's discretion to strike a five-year serious felony enhancement in line with the court's general discretion to strike other enhancements. Thus, the Legislature gave a court the same discretion to strike a serious felony enhancement that it retains to strike any other sentence enhancing provision. Its

action did not operate to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification." (*Stamps*, *supra*, at p. 702.) Therefore, although the defendant was entitled to seek the benefit of the ameliorative change in the law pursuant to Senate Bill No. 1393, if the trial court was inclined to grant the relief sought, the prosecutor was entitled to withdraw from the plea agreement and the trial court, too, could withdraw its prior approval of the plea agreement. (*Id.* at pp. 707–708.)

Subsequently, in *Hernandez*, this court considered the appropriate remedy in cases in which a defendant sentenced pursuant to a plea agreement is entitled to relief from a prior prison term enhancement under Senate Bill No. 136, which, unlike Senate Bill No. 1393, is not discretionary. (*Hernandez*, *supra*, 55 Cal.App.5th at pp. 946–947, review granted.) *Hernandez* reviewed the legislative history of Senate Bill No. 136, the decision in *Stamps*, and this court's decision in *People v. Barton* (2020) 52 Cal.App.5th 1145, 1159 (*Barton*), which considered the effect of Senate Bill No. 180 (2017–2018 Reg. Sess.) (Senate Bill No. 180) on the defendant's plea agreement through the lens of *Stamps*.[3] *Hernandez* concluded that where a defendant is entitled to relief from a prior

---

[3]     The defendant in *Barton* was sentenced to eight years eight months under her plea agreement, six years of which were attributable to two enhancements for drug-related prior convictions under former Health and Safety Code section 11370.2, subdivision (c). (*Barton*, *supra*, 52 Cal.App.5th at p. 1149.) Senate Bill No. 180, effective January 1, 2018, "amended [Health and Safety Code] section 11370.2 by eliminating its three-year enhancements for most drug-related prior convictions," including the defendant's. (*Barton*, *supra*, at p. 1149.) This court rejected the defendant's argument that she was entitled to benefit from the change in the law under Senate Bill No. 180 but keep the remainder of her plea bargain intact. (*Barton*, *supra*, at pp. 1149, 1155–1156.) The court explained, "Senate Bill 180 applies retroactively such that the sentence upon which defendant's plea was conditioned is now unauthorized. Consequently, the parties' plea agreement is unenforceable and the trial court cannot approve of the agreement in its current form. [Citations.] Whether by withdrawal of its prior approval or the granting of a withdrawal/rescission request by one or both of the parties, the trial court '"'must restore the parties to the status quo ante.'"' [Citations.] The parties may then enter into a new plea agreement, which will be subject to the trial court's approval, or they may proceed to trial on the reinstated charges." (*Id.* at p. 1159.)

prison term enhancement under Senate Bill No. 136 and the enhancement was "an integral part of the defendant's specified sentence," the trial court must dismiss the enhancement, but "it cannot unilaterally modify the plea agreement by keeping the remainder of the bargain intact .…" (*Hernandez*, *supra*, at pp. 958–959.) We explained that once the prior prison term enhancement is dismissed, the prosecutor may then either "'agree to modify the bargain to reflect the downward departure in the sentence'" or choose to withdraw from the original plea agreement, and the trial court may also "'withdraw its prior approval of the plea agreement.'" (*Id.* at p. 960.)

Although we recognize review has been granted in *Hernandez,* we agree with the analysis and conclusion therein. We decline defendant's invitation, advanced in his reply brief, to follow *People v. Griffin* (2020) 57 Cal.App.5th 1088, 1097–1099, review granted February 17, 2021, S266521, which agreed in part with *Hernandez,* but held that if a new plea agreement was reached on remand, "imposing a longer sentence would constitute an abuse of discretion." (*People v. Griffin*, *supra*, at p. 1099, citing *People v. Collins* (1978) 21 Cal.3d 208.) We rejected this argument in *Hernandez,* explaining, "[W]e acknowledge the holding in *Collins* that allowed the prosecution to refile the previously dismissed charges as long as the defendant was not resentenced to a greater term than provided in the original plea agreement. [However,] *Stamps* did not extend *Collins* to permit such a resolution, and instead held the People could completely withdraw from the plea agreement if the prior serious felony enhancement was dismissed." (*Hernandez,* *supra*, 55 Cal.App.5th at p. 959, review granted.)

In sum, defendant is entitled to relief from his admission to the prior prison term enhancement and the resulting one-year sentence enhancement imposed as part of his plea agreement. However, the one-year prior prison term enhancement was an integral part of defendant's three-year stipulated sentence. Therefore, remand for further proceedings consistent with *Stamps* and *Hernandez* is the appropriate remedy. (*Stamps,*

6.

*supra*, 9 Cal.5th at pp. 707–708; *Hernandez*, *supra*, 55 Cal.App.5th at p. 960, review granted.)

## DISPOSITION

The sentence is vacated and this matter is remanded to the trial court with directions to strike defendant's admission to the section 667.5, former subdivision (b), prior prison term enhancement allegation and the resulting one-year sentence imposed. The trial court shall conduct further proceedings as set forth in *Stamps*, *supra*, 9 Cal.5th at pages 707–708 and *Hernandez*, *supra*, 55 Cal.App.5th at page 960, review granted.