Filed 6/25/21

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B305655 |
| Plaintiff and Respondent, | (Super. Ct. No. 18F-04895) (San Luis Obispo County) |
| v. | |
| ANTHONY STEVEN RUGGERIO, JR., | |
| Defendant and Appellant. | |

Anthony Steven Ruggerio, Jr., appeals from the trial court's order denying his motion to strike the one-year prior prison term enhancement (Pen. Code,[1] § 667.5, subd. (b)) from his state prison sentence. He contends the court should have granted his motion because Senate Bill No. 136 (S.B. 136) applies retroactively to cases, like his, that are not yet final. We conclude that a judgment imposing but suspending execution of a sentence is not final for purposes of S.B. 136 retroactivity where, as here, a defendant "may still timely obtain direct review of [the] order revoking probation and causing the state prison sentence to take

_____

[1] Statutory references are to the Penal Code.

effect." (*People v. Esquivel* (June 17, 2021, S262551) __ Cal.5th __, __ (*Esquivel*) [p. 1].) We accordingly vacate the order denying Ruggerio's motion and remand.

FACTUAL AND PROCEDURAL HISTORY

In 2017, prosecutors charged Ruggerio with domestic violence (§ 273.5, subd. (a)), assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)), and battery (§ 242). They also alleged that Ruggerio had previously served a term in state prison. Ruggerio pled guilty to the domestic violence charge and admitted the prison prior in exchange for a five-year state prison sentence (four years on the conviction plus one year on the prison prior) and dismissal of the remaining two charges. The trial court accepted the plea, imposed the agreed-upon sentence, suspended its execution, and ordered Ruggerio to serve five years of formal probation.

Three years later, Ruggerio admitted that he violated the terms of probation. The trial court revoked probation and ordered the execution of the five-year prison sentence. The court denied Ruggerio's motion to strike the one year imposed for his prison prior, concluding that his case was already final when S.B. 136 took effect.

DISCUSSION

When the trial court sentenced Ruggerio in 2017, section 667.5, subdivision (b), required it to add one year to his sentence because of his prior prison term. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681 [enhancement mandatory unless stricken].) The Legislature subsequently enacted S.B. 136 (2019-2020 Reg. Sess.), which, effective January 1, 2020, limits the applicability of prior prison term sentence enhancements to terms served for sexually violent offenses. (See Stats. 2019, ch.

2

590, § 1; *Jennings*, at p. 681.)  S.B. 136's provisions apply retroactively to cases that are not yet final on appeal. (*Jennings*, at pp. 681-682.)

Ruggerio did not serve his prior prison term for a sexually violent offense.  His case is not final.  (*Esquivel*, *supra*, __ Cal.5th at pp. __ [pp. 1, 7-9, 13].)  He is therefore entitled to take advantage of the ameliorative provisions of S.B. 136. (*People v. Andahl* (2021) 62 Cal.App.5th 203, 210-211, review granted June 16, 2021, S268336 (*Andahl*); *People v. France* (2020) 58 Cal.App.5th 714, 718-723, review granted Feb. 24, 2021, S266771 (*France*).)

But the proper remedy is not to order the trial court to strike the prison prior and let Ruggerio serve the remaining four years of his sentence, as he contends.  Nothing in the legislative history of S.B. 136 suggests that the Legislature intended that the bill permit defendants to """whittle down [their] sentence[s] 'but otherwise leave [their] plea bargain[s] intact.'""" (*People v. Stamps* (2020) 9 Cal.5th 685, 706 (*Stamps*); see *France*, *supra*, 58 Cal.App.5th at pp. 731-734 (conc. & dis. opn. of Pollak, P. J.), review granted; *People v. Joaquin* (2020) 58 Cal.App.5th 173, 176-179, review granted Feb. 24, 2021, S266594; *People v. Griffin* (2020) 57 Cal.App.5th 1088, 1093-1096, review granted Feb. 17, 2021, S266521 (*Griffin*); *People v. Hernandez* (2020) 55 Cal.App.5th 942, 957-959, review granted Jan. 27, 2021, S265739 (*Hernandez*).)  Such a remedy "would result in the court making 'unilateral changes to a material term of the plea agreement' without the consent of the prosecution," something not permitted under California law.  (*Hernandez*, at p. 957; see § 1192.5.)  We disagree with our colleagues who have reached a contrary conclusion.  (See *Andahl*, *supra*, 62 Cal.App.5th at pp. 212-215,

3

review granted; *France*, *supra*, 58 Cal.App.5th at pp. 727-730, review granted.)

Instead, on remand, the trial court must dismiss the one-year sentence enhancement imposed for Ruggerio's prior prison term. (*Hernandez*, *supra*, 55 Cal.App.5th p. 958, review granted.) The court may then wish to withdraw its approval of the plea agreement. (*Stamps*, *supra*, 9 Cal.5th at pp. 706-707.) Prosecutors, too, may wish to withdraw from the agreement. (*Id.* at p. 707.) Or perhaps they will "agree to modify the bargain to reflect [Ruggerio's preferred] downward departure in [his] sentence," and the court will approve the new plea. (*Ibid.*) However the new plea is reached (if at all), it may not include a sentence longer than the five-year term in Ruggerio's original plea.[2] (*Griffin*, *supra*, 57 Cal.App.5th at pp. 1097-1099, review granted; see *People v. Collins* (1978) 21 Cal.3d 208, 216-217.)

DISPOSITION

The trial court's April 15, 2020, order denying Ruggerio's motion to strike the one-year sentence enhancement

---

[2] We reject the Attorney General's argument that the trial court may impose a post-plea sentence longer than that Ruggerio originally bargained for. Such "vindictiveness" would run counter to the Legislature's ameliorative purpose in enacting S.B. 136 and would have a "chilling effect on the right to appeal." (*People v. Hanson* (2000) 23 Cal.4th 355, 366.) That said, nothing in this opinion should be read as considering "a situation where the parties fail to enter into a new plea agreement . . . and [Ruggerio] is convicted at trial." (*Griffin*, *supra*, 57 Cal.App.5th at p. 1097, fn. 6, review granted.) "Whether the . . . court could [then] sentence [Ruggerio] to a term in excess of the originally agreed upon sentence, and what circumstances might affect that determination, are questions well beyond the scope of the present appeal." (*Ibid.*)

imposed pursuant to section 667.5, subdivision (b), is vacated, and the matter is remanded with directions to strike the enhancement from Ruggerio's sentence and proceed in a manner consistent with this opinion.

<u>CERTIFIED FOR PUBLICATION.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

5

Matthew G. Guerrero, Judge

Superior Court County of San Luis Obispo

_____

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.